1

ROBERT T. HASLAM (Bar No. 71134)
(rhaslam@cov.com)

2

COVINGTON & BURLING LLP

3

333 Twin Dolphin Drive, Suite 700
Redwood Shores, California 94065

4

Telephone:  (650) 632-4700
Facsimile:  (650) 632-4800

5

6

*Attorneys for Plaintiffs*
*Apple Inc. and Apple Sales International*

7

8

9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

APPLE INC. and APPLE SALES
INTERNATIONAL,

Civil Case No.:  **'12 CV 0355 JLS  BLM**

14

Plaintiffs,

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

15

v.

16

MOTOROLA MOBILITY, INC.

17

Defendant.

18

19

20

21

22

23

24

25

26

27

28

1

COMPLAINT;
Case No. _____

## COMPLAINT

Plaintiffs Apple Inc. and Apple Sales International (collectively, "Apple"), for its complaint against Motorola Mobility, Inc. ("Motorola"), allege and state as follows:

### PARTIES

1.     Plaintiff Apple Inc. is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California, 95014.

2.     Plaintiff Apple Sales International is an unlimited company organized under the laws of the Republic of Ireland having its principal place of business at Hollyhill Industrial Estate, Hollyhill, Cork, Republic of Ireland.

3.     On information and belief, Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola, Inc. organized under the laws of Delaware with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

### JURISDICTION AND VENUE

4.     This action for declaratory and injunctive relief arises under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5.     This Court has personal jurisdiction over Motorola under California Code of Civil Procedure § 410.10.

6.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and pursuant to a license between Qualcomm, Inc. and Motorola at issue in this action.

### I.     NATURE OF THE ACTION

7.     This is a lawsuit asserting claims for breach of contract, declaratory, and injunctive relief related to Motorola's European Patent No 1 010 336 ("the '336 patent") and the equivalent U.S. Patent No. 6,359,898 ("the '898 patent").  Motorola has sued Apple in Germany, claiming infringement of the '336 patent based on Apple's use of Qualcomm components in Apple's iPhone 4S product.  Motorola's German lawsuit is in direct breach of a Patent Licensing Agreement between Motorola and Qualcomm.  As a Qualcomm customer, Apple is a third-party

1

1   beneficiary of that contract.  Moreover, under this same contract, Motorola's rights under the '336

2   and the '898 patents are exhausted.  Accordingly, Apple brings this suit for breach of contract,

3   declaratory, and injunctive relief, and asks this Court to enjoin Motorola from prosecuting and

4   enforcing its claims against Apple in Germany.

5   **II.      MOTOROLA'S LICENSE WITH QUALCOMM**

6          8.      The provisions of the Patent Licensing Agreement upon which this dispute is

7   based are set forth in the confidential Complaint filed under seal concurrently in this Court.

8   **III.     THE QUALCOMM COMPONENTS SUPPLIED FOR INCORPORATION INTO
            APPLE PRODUCTS ARE LICENSED BY MOTOROLA**
9
           9.      Qualcomm CDMA Technologies Asia-Pacific Pte. Ld. ("QCTAP"), which is a
10
    wholly-owned subsidiary of Qualcomm Incorporated, now sells the MDM6610 baseband
11
    processors to Apple's contract manufacturers and those components are incorporated into Apple's
12
    CDMA2000-compliant iPhone 4S.
13
           10.     The MDM6610 supplied by Qualcomm enables such devices to communicate via
14
    cellular networks using various standards, including the UMTS and GPRS standards at issue here.
15
           11.     Qualcomm has informed Apple that Qualcomm has already paid Motorola for the
16
    licenses and covenants for Qualcomm and its customers, including Apple.
17

18
              **MOTOROLA'S LITIGATION AGAINST APPLE ON DECLARED STANDARD
19                              ESSENTIAL PATENTS**

20         **A.      Motorola's Breach of its FRAND Promise**

21         12.     Motorola has declared to the European Telecommunications Standards Institute's

22  ("ETSI") that the '898 patent is essential to practicing ETSI's GPRS standard.  Motorola also

23  committed to license its patent on fair, reasonable, and non-discriminatory ("FRAND") terms.

24         13.     A promise to license under fair, reasonable and nondiscriminatory terms is the

25  quid pro quo that standards setting participants extend to the industry in return for the right to

26  collaborate with competitors in creating a standard that has the power to block market access.

27   Apple believes that parties who commit to license their standards essential patents on FRAND

28

                                                    2                                    COMPLAINT;
                                                                         CASE NO. _____

1    terms have obligations they cannot ignore, evade, or apply only prospectively after an abuse has

2    occurred.

3        14.    Apple's position on FRAND licensing is long standing.  When Apple makes a

4    promise to license its standards essential patents under FRAND terms, Apple will not waiver.

5     Apple will keep its commitment and, should it transfer any such patents to a third party, will take

6    best efforts to ensure that the third party adheres to Apple's FRAND obligations.  If parties are

7    interested in licensing these patents, Apple will offer to make the patents available on FRAND

8    terms, as long as those terms are reciprocal, and will do so without requiring others to license

9    back to Apple anything more than their similarly held standards essential patents.  Apple also

10   commits not to seek an injunction or exclusion order on the basis of its standards essential patents

11   that are subject to a FRAND licensing commitment.  Despite owning scores of standards essential

12   patents, Apple has never asserted a standard essential patent in litigation and, therefore—unlike

13   some in the technology industry—has never used a patent subject to a FRAND commitment to

14   deny market access to a rival.

15       15.    Apple went a step further in November 2011 when it clarified its FRAND

16   commitment to ETSI on cellular standards essential patents.  In its letter, Apple emphasized that

17   seeking injunctive relief is inconsistent with a FRAND licensing obligation and went on to

18   propose a reciprocal framework for calculating FRAND that emphasizes an appropriate royalty

19   rate and a common base as a way to bring meaning to a concept that has been too long abused.

20       16.    Motorola, on the other hand, has pursued an aggressive international campaign of

21   litigation that flies in the face of its promise to license its cellular standards essential patents on

22   FRAND terms.

23       **B.    The Apple Sales International Mannheim Action: District Court Proceedings**

24       17.    On April 1, 2011, Motorola Mobility, Inc. sued Apple Sales International in case

25   number 7 O 122/11 in the District Court of Mannheim in the Federal Republic of Germany ("the

26   ASI Mannheim Action") alleging, among other things, that Apple Sales International infringes

27   the '336 patent.

28

COMPLAINT;
CASE NO. _____

18.     Motorola alleges in the ASI Mannheim Action that it is not possible to practice the European Telecommunications Standards Institute's ("ETSI's") GPRS standard, a cellular standard, without infringing the '336 patent—in other words, that the '336 patent is essential to that standard.  Motorola contends that certain Apple mobile communications devices infringe the '336 patent because they are compliant with the GPRS standard.

19.     Motorola did not name the Apple iPhone 4S as an accused product in its complaint in the ASI Mannheim Action.  The  iPhone 4S was not on sale in Germany at the time that Motorola filed its complaint.

20.     On December 9, 2011, the District Court of Mannheim ordered Apple Sales International to cease and desist selling products that it found infringe the '336 patent.  The District Court also ordered Apple Sales International to perform an accounting and pay the costs of the lawsuit.

21.     As a condition of enforcement of its order, the District Court imposed on Motorola a security requirement in the amount of EUR 100,000,000 in connection with enforcement of the cease and desist order, EUR 50,000 in connection with the enforcement of the accounting requirement, and 120% of the costs of the lawsuit in connection with the enforcement of the reimbursement of Motorola's costs of the lawsuit.

**C.     The Apple Sales International Mannheim Action: Suspension Proceedings**

22.     Apple Sales International immediately appealed the order of the Mannheim District Court to the Higher Regional Court of Karlsruhe.  Apple Sales International also immediately filed a Request for Suspension of the Mannheim District Court's Order.

23.     In response, Motorola for the first time in a brief submitted to the Higher Regional Court of Karlsruhe on January 12, 2012, made the assertion that Apple's iPhone 4S was subject to the Mannheim District Court's cease and desist order.  The Apple iPhone 4S had not been named in the complaint.

24.     Motorola alleges that Apple infringes the '336 patent based on Apple's use of a MDM 6610 baseband chip in the iPhone 4S, which is provided to Apple's contract manufacturers by Qualcomm Inc. ("Qualcomm").  Motorola alleges that because the MDM 6610 baseband chip

4

COMPLAINT;
CASE NO. _____

1   is compliant with GPRS standards issued by ETSI, and because Motorola has declared to ETSI

2   that the '336 patent is essential to GPRS standards, the Apple iPhone 4S infringes the '336 patent

3   by virtue of incorporating the Qualcomm MDM 6610 chip.

4         25.     On January 19, 2012, Apple filed a responsive brief in the Higher Regional Court

5   of Karlsruhe asserting that the Apple iPhone 4S was not properly subject to the Mannheim

6   District Court's cease and desist order and explaining that Apple had a complete legal defense to

7   any allegation that Motorola infringed the '336 patent under the doctrine of patent exhaustion and

8   because Apple was the third party beneficiary to contracts between Qualcomm and Motorola, Inc.

9   under which Motorola made a covenant not to sue Qualcomm customers for infringement of,

10   *inter alia*, the '336 patent.  On information and belief, these contracts have been assigned to

11   Motorola Mobility, Inc. by Motorola, Inc.

12         26.     In its papers before the Higher Regional Court, Motorola has made arguments in

13   breach of its agreement with Qualcomm that would require the German court construe the

14   Motorola/Qualcomm agreements.  For example, Motorola has argued against Apple's claim that

15   it is a third-party beneficiary under the Motorola/Qualcomm agreement and Motorola has argued

16   that its termination of the Qualcomm agreement with respect to Apple sales was effective under

17   the Motorola/Qualcomm agreement.

18         27.     Apple Sales International's Appeal of the District Court's Order is pending, and is

19   not expected to be resolved until the end of 2012.

20         28.     On January 23, 2012, the Higher Regional Court of Karlsruhe initially declined to

21   stay the Mannheim District Court's cease and desist order in response to Apple Sales

22   International's Request for Suspension, based in part on the fact that the Court did not have

23   access to the confidential license agreements between Motorola and Qualcomm.

24         29.     On February 2, 2012 the Higher Regional Court provisionally suspended

25   enforcement of the injunction pending further briefing.  Motorola is to submit a brief on February

26   17, 2011.

27

28

5

COMPLAINT;
CASE NO. _____

1      **D.      The Apple Sales International Mannheim Action: Enforcement Proceedings**

2           30.      On January 30, 2012, Motorola initiated enforcement of the cease and desist order

3   by sending a letter to Apple's German counsel indicating that it had deposited an amount of EUR

4   100,000,000 with the local court in Mannheim in order to obtain enforceability of the District

5   Court's cease and desist order, and EUR 50,000 to obtain enforceability of the District Court's

6   Order for an accounting.  The letter further demanded that "Apple Sales International fully

7   comply with the ruling of the Mannheim court of 9 December 2011.  Otherwise our client will be

8   forced to enforce the judgment by virtue of holding your client in contempt of court."

9           31.      Motorola's letter threatens an action for contempt of court against Apple Sales

10   International.  Such an action would normally involve a claim for a fine in an amount up to EUR

11   250,000 for each violation, or imprisonment of up to 6 months of the legal representative of

12   Apple Sales International for contempt of court.

13           32.      If Apple's request to the Higher Regional Court for a suspension is denied,

14   Motorola may bring one or more action for contempt to the German District Court, attempting to

15   show that Apple is in violation of the cease and desist order.  Motorola may bring a separate

16   action for each violation of the order for which it seeks sanctions from Apple.

17      **E.      The Apple Inc. Mannheim Proceeding**

18           33.      On April 26, 2011, Motorola Mobility, Inc. sued Apple Inc. for patent

19   infringement in case number 7 O 169/11 in the District Court of Mannheim alleging that Apple

20   Inc. infringes the '336 patent.

21           34.      Motorola is attempting to accuse the iPhone 4S in the Apple Inc. Mannheim

22   proceeding as well, in breach of its contract with Qualcomm and covenant not to sue Apple.

23   Accordingly, a construction of the Motorola/Qualcomm license agreement will also be necessary

24   in this proceeding.

25           35.      The Mannheim District Court held a hearing merits on February 3, 2012.  A

26   judgment will be entered on April 13, 2012.

27

28

COMPLAINT;
CASE NO. _____

1        **F.        Motorola's Claims Against Apple Pending in the Northern District of Illinois**

2        36.        In *Apple Inc. v. Motorola, Inc., et al.* case number 1:11-cv-08540 pending before

3   the United States District Court for the Northern District of Illinois, Motorola accuses Apple of

4   infringing the '898 patent.  This case was filed on October 29, 2010 in the Western District of

5   Wisconsin, case no. 3:10-cv-662, and was transferred to the Northern District of Illinois from that

6   court on December 1, 2011.

7        37.        To date Motorola has not attempted to accuse the Apple iPhone 4S product of

8   infringing the '898 patent and has not accused Apple of patent infringement based on Apple's use

9   of Qualcomm's MDM 6610 baseband chip in the iPhone 4S.

10       38.        However, on January 23, 2012, Motorola filed a brief in the Higher District Court

11  of Karlsruhe in the Federal Republic of Germany indicating that it may seek to accuse the Apple

12  iPhone 4S of infringement of the '898 patent in the United States.  Motorola stated as follows:

13           "Also the further assertions with regard to the iPhone 4S are
             inaccurate.  There is no strategy in place not to challenge these
14           products.  The fact that the Plaintiff has not yet challenged the 4S in
             Wisconsin has tactical reasons of a procedural nature, which the
15           Plaintiff naturally will not expose to the Defendant."

16  **IV.    MOTOROLA'S INEFFECTIVE ATTEMPT TO TERMINATE APPLE'S RIGHT
             TO USE THE QUALCOMM COMPONENTS**
17

18       39.        On January 11, 2011, Mr. Kirk Dailey, Motorola's Corporate Vice President,

19  Intellectual Property, sent a letter to Qualcomm, copying Apple, purporting "to terminate any and

20  all license and covenant rights with respect to Apple, effective February 10, 2011 (30 days from

21  the date of this letter)."

22       40.        Apple has not asserted any of its Customer Essential Patents against Motorola and

23  did not first assert any of its patents against Motorola.  It was Motorola who first sued Apple for

24  patent infringement on October  6, 2010 in the United States District Courts for the Northern

25  District of Illinois, the Southern District of Florida, and in the International Trade Commission.

26  Accordingly, Motorola is not entitled to terminate license and covenant rights that flow to Apple

27  under the Qualcomm/Motorola agreements.

28

7

COMPLAINT;
CASE NO. _____

41.     On April 25, 2011, Mr. Derek Aberle, Executive Vice President of Qualcomm and President of Qualcomm Technology Licensing responded to Motorola's letter of January 11, 2011.  Mr. Aberle disagreed with Motorola's contention that it could invoke the Defensive Suspension Provision with respect to Apple.  He noted that the Defensive Suspension provision did not entitle Motorola to terminate rights based on suits brought by Apple.

## V.     MOTOROLA'S ATTEMPTS TO BAR APPLE FROM PRESENTING THE QUALCOMM/MOTOROLA LICENSE AGREEMENTS TO THE GERMAN COURTS

42.     As noted above, on January 12, 2012, Motorola for the first time alleged in the Higher Regional Court of Karlsruhe, Germany, that the iPhone 4S is subject to the Mannheim District Court's cease and desist order as to the '336 patent.  On January 19, 2012, Apple filed a responsive brief asserting that under contracts between Qualcomm and Motorola, in which Motorola licensed Qualcomm and granted a covenant not to sue Qualcomm customers for infringement of *inter alia*, the '336 patent, the iPhone 4S cannot possibly be found to infringe the '336 patent.

43.     In order to present its defenses based on the Qualcomm/Motorola licenses to the German court, Apple filed on January 17, 2012 an *ex parte* Application in this Court requiring Qualcomm to produce, *inter alia*, the relevant license agreements between Qualcomm and Motorola.  These agreements, while produced by Motorola to Apple in other U.S. litigation, are subject to protective orders that prevent disclosure to the German court.

44.     This Court granted Apple's application on January 25, 2012, and on January 26, 2012, Qualcomm communicated to Apple its willingness to provide Apple's U.S. and German outside counsel with copies of the license agreements between Qualcomm and Motorola, so that Apple could submit those agreements to the German court.

45.     Intent on blocking Apple's ability to submit the license agreements to the Court, on January 27, 2012, Motorola filed a motion to quash the subpoena to Qualcomm.  The Court denied Motorola's motion on February 2, 2012.

COMPLAINT;
CASE NO. _____

**COUNT ONE**

**(BREACH OF CONTRACT TO WHICH APPLE IS A THIRD PARTY BENEFICIARY)**

46.     Apple incorporates paragraphs 1-45 as if fully set forth herein.

47.     As a Qualcomm customer, Apple is an intended third party beneficiary to the Qualcomm/Motorola agreement.

48.     Motorola has breached its obligations under the licenses to Qualcomm and the covenant to Apple by alleging in Germany that Apple infringes the '336 patent by virtue of incorporating the Qualcomm MDM6610 baseband processor into Apple's iPhone 4S.

49.     As an intended third-party beneficiary of the agreement, Apple may bring suit for this breach.

50.     Apple has incurred or will incur harm as the result of Motorola's breach of contract.  Apple is threatened in particular by loss of profits, loss of customers, loss of goodwill and product image, and uncertainty among customers and potential customers.

**COUNT TWO**
**(DECLARATORY JUDGMENT THAT APPLE IS AUTHORIZED TO USE QUALCOMM COMPONENTS UNDER A COVENANT NOT TO SUE)**

51.     Apple incorporates paragraphs 1-50 as if fully set forth herein.

52.     An actual and justiciable controversy exists between Apple and Motorola with respect to whether Apple is authorized to use Qualcomm components, including but not limited to the MDM6610 Qualcomm chip, in its products, including but not limited to the iPhone 4S.  This is based, *inter alia*, on (1) Motorola's allegations in German proceedings that Apple infringes its '336 patent by virtue of incorporating the Qualcomm chips; (2) Motorola's ineffective attempt to terminate Apple's right to use Qualcomm components; and (3) Motorola's statements in German proceedings that "[t]here is no strategy in place not to challenge [the iPhone 4S].  The fact that the Plaintiff has not yet challenged the 4S in Wisconsin has tactical reasons of a procedural nature, which the Plaintiff naturally will not expose to the Defendant."

53.     Absent a declaration that Apple is authorized to use Qualcomm components licensed under Motorola patents, Motorola will continue to wrongfully assert its '336 patent

COMPLAINT;
CASE NO. _____

1  against Apple's iPhone 4S and other Apple products, and thereby cause Apple irreparable harm

2  and injury.

3        54.      Apple is authorized to use Qualcomm's MDM6610 baseband processor and other

4  Qualcomm components licensed under Motorola's patents and is entitled to a declaration to that

5  effect.

6        55.      This is an exceptional case entitling Apple to an award of its attorney's fees

7  incurred in connection with this action pursuant to 35 U.S.C. § 285.

8                              **COUNT THREE**
   **(DECLARATORY JUDGMENT THAT MOTOROLA'S PATENT RIGHTS ARE**
9                              **EXHAUSTED)**

10       56.       Apple incorporates paragraphs 1-55 as if fully set forth herein.

11       57.      An actual and justiciable controversy exists between Apple and Motorola with

12  respect to whether Motorola's patent rights in the MDM6610 Qualcomm chip and other

13  Qualcomm components licensed under Motorola patents are exhausted.  This is based, *inter alia*,

14  on (1) Motorola's allegations in German proceedings that Apple infringes its '336 patent by

15  virtue of incorporating the Qualcomm chips; (2) Motorola's ineffective attempt to terminate

16  Apple's right to use Qualcomm components; and (3) Motorola's statements in German

17  proceedings "[t]here is no strategy in place not to challenge [the iPhone 4S].  The fact that the

18  Plaintiff has not yet challenged the 4S in Wisconsin has tactical reasons of a procedural nature,

19  which the Plaintiff naturally will not expose to the Defendant."

20       58.      Absent a declaration that Motorola's patent rights in the MDM6610 Qualcomm

21  chip and other Qualcomm components licensed under Motorola patents are exhausted, Motorola

22  will continue to wrongfully assert its '336 patent against Apple's iPhone 4S and thereby cause

23  Apple irreparable harm and injury.

24       59.      Motorola's patent rights in the MDM6610 Qualcomm chip and other Qualcomm

25  components licensed under Motorola patents are exhausted, and Apple is entitled to a declaration

26  to that effect.

27       60.      This is an exceptional case entitling Apple to an award of its attorney's fees

28  incurred in connection with this action pursuant to 35 U.S.C. § 285.

                                        10                    COMPLAINT;
                                                         CASE NO. _____

1

2

## COUNT FOUR

## (PERMANENT EQUITABLE INJUNCTION)

3         61.     Apple incorporates paragraphs 1-60 as if fully set forth herein.

4         62.     Apple will incur irreparable harm if Motorola is not enjoined from initiating

5   litigation outside of this Court alleging that Apple infringes its patents by virtue of incorporating

6   Qualcomm chips.  This harm will include the loss of a volume of sales that cannot be quantified

7   with specificity, as well as a loss of consumer goodwill, negative publicity, damage to

8   relationships with distributors and resellers, and with current owners of the iPhone 4S.

9         63.     Apple is likely to succeed on the merits of its breach of contract and declaratory

10   judgment claims.  First, Apple is likely to show that Motorola's pursuit of litigation alleging

11   infringement by Apple by virtue of incorporating Qualcomm components breaches Motorola's

12   contract with Qualcomm to which Apple is a third-party beneficiary.  Second, Apple is likely to

13   show that it is a third party beneficiary to the licenses between Qualcomm and Motorola and is

14   therefore authorized to use Qualcomm components licensed under Motorola patents.  Third,

15   Apple is also likely to establish that Motorola's patent rights in the Qualcomm MDM6610 chip

16   and other Qualcomm components licensed under Motorola patents are exhausted.  Apple is

17   therefore likely to succeed on the merits of its claims that the iPhone 4S does not infringe the

18   '336 patent.

19         64.     The public interest and balance of equities further favor the issuance of an

20   injunction.  Motorola's continued prosecution of its '336 patent against Apple's iPhone 4S in

21   German proceedings based on Apple's use of Qualcomm components frustrates the law and

22   policy of the United States with respect to patent license and patent exhaustion.  Motorola's

23   continued prosecution of its '336 patent against Apple's iPhone 4S in German proceedings based

24   on Apple's use of Qualcomm components and its procedural attempts to block Apple from

25   presenting its defenses based on the Qualcomm/Motorola licenses to the German courts is

26   vexatious, oppressive, and inequitable.  The public interest as well as the balance of harms favors

27   Apple's request for an injunction.

28

COMPLAINT;

CASE NO. _____

1    65.    Apple is therefore entitled to an order permanently enjoining Motorola from

2  initiating or continuing to prosecute litigation outside of this Court alleging that Apple infringes

3  its patents by virtue of incorporating Qualcomm chips into its products.

4                              **COUNT FIVE**

5                    **(PERMANENT ANTI-SUIT INJUNCTION)**

6    66.    Apple incorporates paragraphs 1-65 as if fully set forth herein.

7    67.    Apple is entitled to a permanent anti-suit injunction enjoining Motorola from

8  continuing to prosecute litigation in Germany alleging that Apple infringes its patents by virtue of

9  incorporating Qualcomm chips into its products.

10    68.    Apple and Motorola are parties to the German litigation and are both before this

11  Court as well.  In addition, both actions involve the question of whether Apple's iPhone 4S can

12  infringe the '336 patent.  Accordingly, the present dispute is dispositive of the German litigation

13  as to this central question.

14    69.    Motorola's continued prosecution of its '336 patent against Apple's iPhone 4S in

15  German proceedings based on Apple's use of Qualcomm components, in derogation of the forum

16  selection clause of the Qualcomm licenses, frustrates the law and policy of the United States with

17  respect to patent license and patent exhaustion, as well as the strong public policy of this Court

18  favoring enforcement of forum selection clauses.

19    70.    The dispute at issue involves private parties seeking to determine their rights under

20  a contract.  Apple asks the Court to enjoin Motorola, and not a foreign tribunal.  Therefore, an

21  anti-suit injunction issued against Motorola would not have an intolerable impact on comity.

22    71.    Accordingly, Apple is entitled to a permanent anti-suit injunction enjoining

23  Motorola from continuing to prosecute litigation in Germany alleging that Apple infringes its

24  patents by virtue of incorporating Qualcomm chips into its products and initiating such litigation

25  outside of this Court.

26                    **VI.    PRAYER FOR RELIEF**

27    WHEREFORE, Apple respectfully requests that this Court enter the following relief

28  against Motorola:

                                12

                                          COMPLAINT;
                                CASE NO. _____

1   A.   Judgment in favor of Apple and against Motorola;

2   B.   A declaratory judgment that Apple, as a third party beneficiary to the

3   Motorola/Qualcomm license agreement, is licensed to use the Qualcomm MDM6610 chip and

4   other Qualcomm components licensed under Motorola's patents in Apple products;

5   C.   A declaratory judgment that Motorola's patent rights in the Qualcomm MDM6610

6   chip and other Qualcomm components licensed under Motorola patents are exhausted;

7   D.   Permanent injunctive relief restraining Motorola and its subsidiaries, affiliates,

8   officers, directors, agents, employees, servants, licensors, successors, assigns, and all those acting

9   in concert with them, from prosecuting patent infringement proceedings against Apple based on

10   Apple's use of the Qualcomm MDM6610 chip and other Qualcomm components licensed under

11   Motorola patents in the Federal Republic of Germany or in any other country;

12   E.   Permanent injunctive relief restraining Motorola and its subsidiaries, affiliates,

13   officers, directors, agents, employees, servants, licensors, successors, assigns, and all those acting

14   in concert with them, from prosecuting patent infringement proceedings against Apple based on

15   Apple's use of the Qualcomm MDM6610 chip and other Qualcomm components licensed under

16   Motorola patents in any forum other than this Court.

17   F.   A judgment awarding Apple all available damages for its breach of contract;

18   G.   An order ordering Motorola to specifically perform its contractual covenant not to

19   sue Apple based on Apple's use of Qualcomm components;

20   H.   An order granting Apple its attorneys' fees and costs;

21   I.   Such further relief as this Court may deem proper in law or equity.

22

23

24   Dated:  February 9, 2012

Respectfully submitted,

25

26   /s/ Robert T. Haslam_____
Robert T. Haslam

27   rhaslam@cov.com
COVINGTON & BURLING LLP

28   333 Twin Dolphin Drive, Suite 700

13

COMPLAINT;
CASE NO. _____

1

Redwood Shores, CA 94065-1418
Telephone:  (650) 632-4700
Facsimile:  (650) 632-4800

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Apple Inc. and Apple Sales International | Motorola Mobility, Inc. |

**(b)** County of Residence of First Listed Plaintiff   Santa Clara (CA)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Lake (IL)
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'12 CV 0355 JLS  BLM**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Covington & Burling LLP, 333 Twin Dolphin Drive, Suite 600, Redwood Shores, CA 94065; (650) 632-4700

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

(JMD)

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1338

Brief description of cause:
DECLARATORY JUDGMENT; BREACH OF CONTRACT; INJUNCTION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** Injunction

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☑ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
02/09/2012

SIGNATURE OF ATTORNEY OF RECORD
*Robert T. Haslam / KB*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____