ROBERT D. FRAM (Bar No. 126750)
rfram@cov.com
SAMUEL F. ERNST (Bar No. 223963)
sernst@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091

*Attorneys for Plaintiffs*
*Apple Inc. and Apple Sales International*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC. and APPLE SALES INTERNATIONAL, | Civil Case No.: 3:12cv00355 DMS (BLM) |
| Plaintiffs, | |
| v. | **SECOND AMENDED COMPLAINT** |
| MOTOROLA MOBILITY LLC, | |
| Defendant. | |

**PUBLIC/REDACTED VERSION**

SF: 169547-3

## COMPLAINT

Plaintiffs Apple Inc. and Apple Sales International (collectively, "Apple"), for their Second Amended Complaint against Motorola Mobility LLC ("Motorola"), allege and state as follows:

## PARTIES

1.     Plaintiff Apple Inc. is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California, 95014.

2.     Plaintiff Apple Sales International is an unlimited company organized under the laws of the Republic of Ireland having its principal place of business at Hollyhill Industrial Estate, Hollyhill, Cork, Republic of Ireland.

3.     On information and belief, Motorola Mobility LLC, formerly Motorola Mobility, Inc., is a wholly-owned subsidiary of Google Inc. organized under the laws of Delaware with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

## JURISDICTION AND VENUE

4.     This action arises under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202.  This Court also has diversity jurisdiction over each of the claims under 28 U.S.C. § 1332(a) in that this is a civil action between diverse parties where the amount in controversy exceeds the sum or value of $75,000.

5.     This Court has personal jurisdiction over Motorola under California Code of Civil Procedure § 410.10.

6.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and pursuant to

1

## I. NATURE OF THE ACTION

7. This is a lawsuit asserting claims for anticipatory breach of contract by repudiation and declaratory relief related to Motorola's license agreements with Qualcomm covering Motorola's declared cellular standards-essential patents. Motorola entered into a license agreement with Qualcomm, in which Motorola ███████████████████████████ ████████████████████████. As a Qualcomm customer, Apple is a third-party beneficiary of that contract. Motorola then openly repudiated its contract with Qualcomm by sending a letter to Qualcomm on January 11, 2011, copying Apple, purporting to ███████████████ ████████████████████████. Motorola then breached its contract with Qualcomm by suing Apple in Germany, claiming infringement of European Patent No. 1 010 336 ("the '336 patent"), the European equivalent patent to U.S. Patent No. 6,359,898 ("the '898 patent") based on Apple's use of Qualcomm components in Apple's iPhone 4S product. Under Motorola's contract with Qualcomm, Motorola's rights in the Qualcomm components sold to Apple were exhausted. The Higher Regional Court of Karlsruhe in Germany has determined that Apple has made a valid "Orange Book" offer for a license to the German patent rights.[1] Under German law, this means that Motorola cannot refuse Apple's offer and remain in compliance with German antitrust law. Accordingly, given the requirements of German law and the ruling of the Higher Regional Court of Karlsruhe, the question of liability is no longer an issue in Germany, although the parties will continue to litigate the amount of damages Apple must pay Motorola for the past infringement Motorola alleges and the amount of a FRAND license.[2] Motorola, however, has

---

[1] The Orange Book defense is unique to German law. It refers to a procedure whereby a defendant accused of infringing a declared standards-essential patent can make an offer to license the patent. The plaintiff may not reject the offer where, as here, the offered terms are such that rejection would constitute a violation of Germany's antitrust laws. The royalty rate demanded by Motorola in Germany is not what Apple considers an appropriate FRAND royalty rate, and the amount of the royalty will continue to be litigated in Germany.

[2] The Higher Regional Court of Karlsruhe ruled that Motorola must accept Apple's license offer in Germany or be in violation of German antitrust law. On the basis that this ruling requires Motorola to grant Apple a license to the relevant patents in Germany, Apple submits this Second Amended Complaint, which expressly does not seek declaratory relief regarding Apple's right to use Qualcomm components in Germany, injunctive relief prohibiting Motorola from continuing to litigate its claims in Germany, or breach of contract remedies for Motorola's wrongful prosecution of infringement claims against Apple in Germany.

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

further repudiated its contract with Qualcomm by refusing to stipulate that it will not accuse Apple of infringing its declared cellular-essential patents based on the use of Qualcomm components in countries other than Germany.  Motorola again repudiated its contract with Qualcomm by stating in a brief in the German proceedings that it may seek to accuse the Apple iPhone 4S of infringement in the United States.  Accordingly, Apple brings this suit for anticipatory breach of contract by repudiation, as well as for declaratory and injunctive relief, and asks this Court to declare that Motorola's attempted termination of Apple's rights under the Qualcomm-Motorola license agreement was ineffective and to enjoin Motorola from prosecuting and enforcing claims against Apple based on Apple's use of Qualcomm chips anywhere in the world outside of Germany in breach of that license agreement.

### II.    MOTOROLA'S LICENSE AGREEMENT WITH QUALCOMM

8.    Under a license agreement between Qualcomm and Motorola and amendments to that agreement, Motorola has ███████████████████████████████ ████████████████████████████████████████████████████████████.

9.    Specifically, Qualcomm and Motorola are parties to a Patent License Agreement that was originally entered into in 1990 ("1990 PLA").  On information and belief, this agreement was assigned to Motorola Mobility, Inc. by Motorola, Inc.

10.    ████████████████████████████████████ ██████████████████████████████.

11.    ██████████████████████████████████ ████████████████████████████████ ████████████████████████████████ ██████████████████████████████.

12.    ████████████████████████████████ ████████████████████████████████ ██████████████████████████████ ████████████████████████████████ ██████████████████████████████

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

13.

14.

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

15. ███████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████

16. ███████████████████████████████████████

SECOND AMENDED COMPLAINT;
CASE No. 3:12CV00355 DMS (BLM)

17.

18.

19.

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

20.    [REDACTED]

21.    [REDACTED]

## III.    THE QUALCOMM COMPONENTS SUPPLIED FOR INCORPORATION INTO APPLE PRODUCTS ARE LICENSED BY MOTOROLA

22.    Qualcomm CDMA Technologies Asia-Pacific Pte. Ld. ("QCTAP"), which is a wholly-owned subsidiary of Qualcomm Incorporated, now sells the MDM6610 baseband processors to Apple's contract manufacturers, and those components are incorporated into Apple's CDMA2000-compliant iPhone 4S.  Apple also incorporates Qualcomm chips into its new iPad product.  Apple, therefore, is an indirect customer of Qualcomm [REDACTED]

23.    The MDM6610 supplied by Qualcomm enables such devices to communicate via cellular networks using various standards, including the UMTS and GPRS standards at issue here.

24.    [REDACTED]

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

25. ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████

## MOTOROLA'S THREATS AND LITIGATION AGAINST APPLE ON DECLARED STANDARD ESSENTIAL PATENTS

### A. Motorola's Breach of its FRAND Promise

26. Motorola has declared to the European Telecommunications Standards Institute ("ETSI") that the '898 patent is essential to practicing ETSI's GPRS standard. Motorola also committed to license its patent on fair, reasonable, and non-discriminatory ("FRAND") terms.

27. A promise to license under fair, reasonable, and nondiscriminatory terms is the quid pro quo that standards setting participants extend to the industry in return for the right to collaborate with competitors in creating a standard that has the power to block market access. Apple believes that parties who commit to license their standards essential patents on FRAND terms have obligations they cannot ignore, evade, or apply only prospectively after an abuse has occurred.

28. Apple's position on FRAND licensing is long standing. When Apple makes a promise to license its standards essential patents under FRAND terms, Apple will not waver. Apple will keep its commitment and, should it transfer any such patents to a third party, will take best efforts to ensure that the third party adheres to Apple's FRAND obligations. If parties are interested in licensing these patents, Apple will offer to make the patents available on FRAND terms, as long as those terms are reciprocal, and will do so without requiring others to license back to Apple anything more than their similarly held standards essential patents. Apple also commits not to seek an injunction or exclusion order on the basis of its standards essential patents that are subject to a FRAND licensing commitment. Despite owning scores of standards essential patents, Apple has never asserted a standard essential patent in litigation and, therefore—unlike some in the technology industry—has never used a patent subject to a FRAND commitment to deny market access to a rival.

SECOND AMENDED COMPLAINT;
CASE No. 3:12CV00355 DMS (BLM)

29.     Apple went a step further in November 2011 when it clarified its FRAND commitment to ETSI on cellular standards essential patents.  In its letter, Apple emphasized that seeking injunctive relief is inconsistent with a FRAND licensing obligation and went on to propose a reciprocal framework for calculating FRAND that emphasizes an appropriate royalty rate and a common base as a way to bring meaning to a concept that has been too long abused.

30.     Motorola, on the other hand, has pursued an aggressive international campaign of litigation that flies in the face of its promise to license its cellular standards essential patents on FRAND terms.

**B.      Motorola's Wrongful Repudiation of its Contract with Qualcomm**

31.

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)



32.    On January 11, 2011, Mr. Kirk Dailey, Motorola's Corporate Vice President, Intellectual Property, sent a letter to Qualcomm, copying Apple, purporting ▌

33.    ▌ It was Motorola who first sued Apple for patent infringement on October 6, 2010, in the United States District Courts for the District of Delaware and the Southern District of Florida, and in the International Trade Commission. ▌ Motorola's purported termination of Apple's rights was ineffective.

10

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

34. ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████

### C. The German Proceedings

35. On April 1, 2011, Motorola Mobility, Inc. sued Apple Sales International in case number 7 O 122/11 in the District Court of Mannheim in the Federal Republic of Germany ("the ASI Mannheim Action") alleging, among other things, that Apple Sales International infringes the '336 patent.

36. Motorola alleges in the ASI Mannheim Action that it is not possible to practice the European Telecommunications Standards Institute's ("ETSI's") GPRS standard, a cellular standard, without infringing the '336 patent—in other words, that the '336 patent is essential to that standard. Motorola contends that certain Apple mobile communications devices infringe the '336 patent because they are compliant with the GPRS standard.

37. Motorola did not name the Apple iPhone 4S as an accused product in its complaint in the ASI Mannheim Action. The iPhone 4S was not on sale in Germany at the time that Motorola filed its complaint.

38. On December 9, 2011, the District Court of Mannheim ordered Apple Sales International to cease and desist selling products that it found infringe the '336 patent. The District Court also ordered Apple Sales International to perform an accounting and pay the costs of the lawsuit, and to pay damages, the amount of which are to be determined.

39. Apple Sales International immediately appealed the order of the Mannheim District Court to the Higher Regional Court of Karlsruhe. Apple Sales International also immediately filed a Request for Suspension of the Mannheim District Court's Order.

40. In response, Motorola for the first time in a brief submitted to the Higher Regional Court of Karlsruhe on January 12, 2012, made the assertion that Apple's iPhone 4S was subject to

11

the Mannheim District Court's cease and desist order.  The Apple iPhone 4S had not been named in the complaint.

41.     Motorola alleged that Apple infringes the '336 patent based on Apple's use of an MDM 6610 baseband chip in the iPhone 4S, which is provided to Apple's contract manufacturers by Qualcomm Inc. ("Qualcomm").  Motorola alleges that because the MDM 6610 baseband chip is compliant with GPRS standards issued by ETSI, and because Motorola has declared to ETSI that the '336 patent is essential to GPRS standards, the Apple iPhone 4S infringes the '336 patent by virtue of incorporating the Qualcomm MDM 6610 chip.

42.     On January 23, 2012, the Higher Regional Court of Karlsruhe initially declined to stay the Mannheim District Court's cease and desist order in response to Apple Sales International's Request for Suspension, based in part on the fact that the Court did not have access to the confidential license agreements between Motorola and Qualcomm.

43.     On February 2, 2012, the Higher Regional Court provisionally suspended enforcement of the injunction.

44.     After receiving further briefing, on February 27, 2012, the Higher Regional Court issued an order again suspending enforcement of the injunction.  The Court ruled that Apple's appeal is likely to be successful in light of the fact that Apple had offered to license Motorola's patents on terms that Motorola could not refuse without abusing its dominant market position, obtained by virtue of declaring its patent essential to cellular standards.

45.     Apple Sales International's Appeal of the District Court's Order is pending, and is not expected to be resolved until the end of 2012.

46.     On April 26, 2011, Motorola Mobility, Inc. sued Apple Inc. for patent infringement in case number 7 O 169/11 in the District Court of Mannheim alleging that Apple Inc. infringes the '336 patent.

47.     Motorola has accused the iPhone 4S in the Apple Inc. Mannheim proceeding as well.

48.      Apple has made an offer to license Motorola's declared cellular standards-essential patents from Motorola for the purpose of selling products in Germany.  In light of

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

Motorola's obligation to license these patents on FRAND terms, the Higher Regional Court of Karlsruhe has determined that Motorola must accept Apple's licensing terms or be in violation of German antitrust law.  Accordingly, given the requirements of German law and the ruling of the Higher Regional Court of Karlsruhe, the question of liability is no longer an issue in Germany, although the parties will continue to litigate the amount of damages Apple must pay Motorola for the past infringement Motorola alleges and the amount of a FRAND license.

### D.   Motorola's Threats to Sue Apple for Infringement Outside of Germany

49.    In *Apple Inc. v. Motorola, Inc., et al.* case number 1:11-cv-08540 before the United States District Court for the Northern District of Illinois, Motorola accused Apple of infringing the '898 patent.  This case was filed on October 29, 2010 in the Western District of Wisconsin, case no. 3:10-cv-662, and was transferred to the Northern District of Illinois from that court on December 1, 2011.

50.    Motorola did not accuse the Apple iPhone 4S or the new iPad products of infringing the '898 patent and has not accused Apple of patent infringement based on Apple's use of Qualcomm's MDM 6610 baseband chip or other Qualcomm components in the iPhone 4S, the new iPad, or other Apple products.

51.    On February 27, 2012, Motorola and Apple entered into an agreement "not to accuse any additional or new products of infringement of any patents-in-suit (and not to seek an injunction in this case for any such additional or new products) that were not accused of infringement in the original expert disclosures in this case."  Apple's iPhone 4S was not accused of infringement by Motorola in the expert disclosures in the Illinois case.

52.    However, in this agreement "[b]oth parties retain all rights to file separate actions on any additional or new products and seek any relief (including injunctive relief) in any other action.  This agreement only relates to adding products to case - No. 1:11-cv-08540."

53.    On June 22, 2012, the Illinois court entered final judgment, *inter alia*, dismissing Motorola's claim for infringement of the '898 patent.  Motorola has appealed that decision to the Court of Appeals for the Federal Circuit.

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

54.   Moreover, on January 23, 2012, Motorola filed a brief in the Higher District Court of Karlsruhe in the Federal Republic of Germany indicating that it may seek to accuse the Apple iPhone 4S of infringement of the '898 patent in the United States.  Motorola stated as follows:

> Also the further assertions with regard to the iPhone 4S are inaccurate.  There is no strategy in place not to challenge these products.  The fact that the Plaintiff has not yet challenged the 4S in Wisconsin has tactical reasons of a procedural nature, which the Plaintiff naturally will not expose to the Defendant.

This constituted a further wrongful repudiation by Motorola of its contract with Qualcomm.

55.   On March 27, 2012, counsel for Apple asked counsel for Motorola to enter into a stipulation not to sue Apple for infringement of its declared standards-essential patents in any forum outside of Germany.  Motorola refused to enter into such a stipulation.  This constituted a further wrongful repudiation by Motorola of its contract with Qualcomm.

## IV.   MOTOROLA'S ACTIONS THREATEN APPLE WITH IRREPARABLE HARM

56.   Apple will incur irreparable harm if Motorola is not enjoined from initiating litigation outside of this Court and outside of Germany alleging that Apple infringes its patents by virtue of incorporating Qualcomm chips in breach of its license agreement with Qualcomm.  This harm will include the loss of a volume of sales that cannot be quantified with specificity, as well as a loss of consumer goodwill, negative publicity, and damage to relationships with distributors and resellers, as well as with current owners of the iPhone 4S, the new iPad, and other Apple products.

57.   Apple is likely to succeed on the merits of its breach of contract and declaratory judgment claims.  First, Apple is likely to show that Motorola's threats of litigation and attempt to terminate Apple's rights under the Qualcomm-Motorola licenses is a wrongful anticipatory breach by repudiation of Motorola's contract with Qualcomm to which Apple is a third-party beneficiary.  Second, Apple is likely to show that Motorola's attempted termination of Apple's rights under the Qualcomm-Motorola license was ineffective.  Third, Apple is likely to establish that Motorola's patent rights in the Qualcomm MDM6610 chip are exhausted.

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

58.     The public interest and balance of equities further favor the issuance of an injunction.  Motorola's continued threats to sue Apple for Apple's use of Qualcomm components outside of this Court and outside of Germany frustrate the law and policy of the United States with respect to patent license and patent exhaustion.  The public interest as well as the balance of harms favor Apple's request for an injunction.

## COUNT ONE

### (ANTICIPATORY BREACH OF CONTRACT TO WHICH APPLE IS A THIRD PARTY BENEFICIARY)

59.     Apple incorporates paragraphs 1-58 as if fully set forth herein.

60.     As a Qualcomm customer, Apple is an intended third party beneficiary to the Qualcomm-Motorola agreement wherein ████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████

61.     Motorola wrongfully repudiated its contract with Qualcomm when, on January 11, 2011, Mr. Kirk Dailey, Motorola's Corporate Vice President, Intellectual Property, sent a letter to Qualcomm, copying Apple, purporting ████████████████████████████████ ████████████████████████████████

62.     Motorola was not entitled to terminate Apple's rights ███████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████  It was Motorola who first sued Apple for patent infringement on October 6, 2010, in the United States District Courts for the District of Delaware and the Southern District of Florida, and in the International Trade Commission. ███████ ████████████████████████████████████████████ ████████████████████████████████████  Motorola's purported termination of Apple's rights was ineffective.

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

63.     Motorola wrongfully repudiated its contract with Qualcomm again when it filed a brief in the Higher District Court of Karlsruhe in the Federal Republic of Germany indicating that it may seek to accuse the Apple iPhone 4S of infringement in the United States.

64.     Motorola wrongfully repudiated its contract with Qualcomm again when it refused to enter into a stipulation not to sue Apple for infringement of its declared standards-essential patents in any forum outside of Germany.

65.     As an intended third-party beneficiary of the agreement, Apple may bring suit for these wrongful anticipatory breaches of contract by repudiation.

66.     Apple has incurred and will continue to incur harm as the result of Motorola's anticipatory breach of contract by repudiation.  As Apple had expected to use the Qualcomm chips free of litigation costs, Apple's expectation damages are the cost of defending itself in any litigation against Motorola.  Apple will also incur consequential damages, including loss of profits, loss of customers, loss of goodwill and product image, and uncertainty among customers and potential customers should any Court enjoin Apple from selling its products incorporating Qualcomm chips.  Though the total amount of such damages cannot currently be quantified with specificity, Apple's total expectation and consequential damages exceed $75,000.

**COUNT TWO**
**(DECLARATORY JUDGMENT THAT MOTOROLA'S ATTEMPT TO TERMINATE APPLE'S RIGHTS UNDER THE QUALCOMM LICENSE WAS INEFFECTIVE)**

67.     Apple incorporates paragraphs 1-66 as if fully set forth herein.

68.     An actual and justiciable controversy exists between Apple and Motorola with respect to whether Motorola's attempt to terminate Apple's rights under the Qualcomm license agreement was effective.  This is based, *inter alia*, on (1) Motorola's ineffective attempt to terminate Apple's right to use Qualcomm components; (2) Motorola's statements in German proceedings that "[t]here is no strategy in place not to challenge [the iPhone 4S].  The fact that the Plaintiff has not yet challenged the 4S in Wisconsin has tactical reasons of a procedural nature, which the Plaintiff naturally will not expose to the Defendant."; and (3) Motorola's refusal to

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

stipulate that it will not sue Apple for infringement based on Apple's use of the Qualcomm components outside of Germany.

69.     Absent a declaration that Motorola's attempt to terminate Apple's rights under the Qualcomm license agreement was ineffective, Motorola will continue to wrongfully threaten to assert its patents against Apple's iPhone 4S, the new iPad, and other Apple products, and thereby cause Apple irreparable harm and injury.  The object of this litigation—Apple's ability to continue selling the iPhone 4S, the new iPad, and other Apple products worldwide—exceeds $75,000 in value to Apple.

70.     Motorola was not entitled to terminate Apple's rights ███████████████ ████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████ It was Motorola who first sued Apple for patent infringement on October 6, 2010, in the United States District Courts for the District of Delaware and the Southern District of Florida, and in the International Trade Commission. ████████ ████████████████████████████████████████ Motorola's purported termination of Apple's rights was ineffective.

71.     This is an exceptional case entitling Apple to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNT THREE**

**(DECLARATORY JUDGMENT THAT THE QUALCOMM-MOTOROLA LICENSE AGREEMENT SHIELDS APPLE IN ANY LAWSUIT FROM LIABILITY FOR INFRINGEMENT OF THE '898 PATENT BY THE IPHONE 4S)**

72.     Apple incorporates paragraphs 1-71 as if fully set forth herein.

73.     An actual and justiciable controversy exists between Apple and Motorola with respect to whether the Qualcomm-Motorola license agreement shields Apple in any lawsuit from liability for infringement of the '898 patent by the iPhone 4S.  This is based, *inter alia*, on (1) Motorola's ineffective attempt to terminate Apple's right to use Qualcomm components;

17

(2) Motorola's statements in German proceedings regarding the European counterpart to the '898 patent that "[t]here is no strategy in place not to challenge [the iPhone 4S]. The fact that the Plaintiff has not yet challenged the 4S in Wisconsin has tactical reasons of a procedural nature, which the Plaintiff naturally will not expose to the Defendant."; and (3) Motorola's refusal to stipulate that it will not sue Apple for infringement based on Apple's use of the Qualcomm components outside of Germany. While Motorola agreed not to accuse the iPhone 4S of infringement in the litigation in Wisconsin (case no. 3:10-cv-662, which was transferred to the Northern District of Illinois, case no. 1:11-cv-08540), its statement in Germany nonetheless makes clear that it is Motorola's intent to assert claims against the iPhone 4S in future litigation in the United States. While Apple will vigorously contend that Motorola cannot now assert such claims, based on the '898 patent or otherwise, given its conduct in the Wisconsin/Illinois action and the Court's ruling in that case, Motorola's clear threat of future litigation creates a case or controversy.

74.     Absent a declaration that the Qualcomm-Motorola license agreement shields Apple in any lawsuit from liability for infringement of the '898 patent by the iPhone 4S, Motorola will continue to wrongfully threaten to assert its patents against Apple's iPhone 4S and thereby cause Apple irreparable harm and injury. The object of this litigation—Apple's ability to continue selling the iPhone 4S worldwide—exceeds $75,000 in value to Apple.

75.

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)

76.     This is an exceptional case entitling Apple to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNT FOUR**
**(DECLARATORY JUDGMENT THAT THE QUALCOMM-MOTOROLA**
**LICENSE AGREEMENT SHIELDS APPLE IN ANY LAWSUIT FROM**
**LIABILITY FOR INFRINGEMENT OF** ███████████████████████

███████████████████ **BASED ON APPLE'S USE OF THE MDM6610 BASEBAND**
**PROCESSOR)**

77.     Apple incorporates paragraphs 1-76 as if fully set forth herein.

78.     An actual and justiciable controversy exists between Apple and Motorola with respect to whether the Qualcomm-Motorola license agreement shields Apple in any lawsuit from liability for infringement of ███████████████████████████████████ ████████████████████████ based on Apple's use of the MDM6610 baseband processor ██ ████████████████████. This is based, *inter alia*, on (1) Motorola's ineffective attempt to terminate Apple's right to use Qualcomm components; (2) Motorola's statements in German proceedings that "[t]here is no strategy in place not to challenge [the iPhone 4S]. The fact that the Plaintiff has not yet challenged the 4S in Wisconsin has tactical reasons of a procedural nature, which the Plaintiff naturally will not expose to the Defendant."; and (3) Motorola's refusal to stipulate that it will not sue Apple for infringement based on Apple's use of the Qualcomm components outside of Germany.

79.     Absent a declaration that the Qualcomm-Motorola license agreement shields Apple in any lawsuit from liability for infringement of ████████████████████████████ ██████████████████████████████ based on Apple's use of the MDM6610 baseband processor ███████████████████, Motorola will continue to wrongfully threaten to assert its patents against Apple's iPhone 4S, the new iPad, and other Apple products, and thereby cause Apple irreparable harm and injury. The object of this litigation—Apple's ability to continue selling the iPhone 4S, the new iPad, and other Apple products worldwide— exceeds $75,000 in value to Apple.

80.     ████████████████████████████████████████████████████

████████████████████████████████████████████

19

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████

81.     This is an exceptional case entitling Apple to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT FIVE
**(DECLARATORY JUDGMENT THAT MOTOROLA'S PATENT RIGHTS UNDER** ███████████████████████████████████████ **ARE EXHAUSTED)**

82.     Apple incorporates paragraphs 1-81 as if fully set forth herein.

83.     An actual and justiciable controversy exists between Apple and Motorola with respect to whether Motorola's patent rights in the MDM6610 Qualcomm chip under ███████ ████████████████████████████████████████████████████ ████████████████████████████ are exhausted outside of Germany.  This is based, *inter alia*, on (1) Motorola's ineffective attempt to terminate Apple's right to use Qualcomm components; (2) Motorola's statements in German proceedings that "[t]here is no strategy in place not to challenge [the iPhone 4S].  The fact that the Plaintiff has not yet challenged the 4S in Wisconsin has tactical reasons of a procedural nature, which the Plaintiff naturally will not expose to the Defendant."; and (3) Motorola's refusal to commit that it will not sue Apple for infringement based on Apple's use of the Qualcomm components outside of Germany.

84.     Absent a declaration that Motorola's patent rights in the MDM6610 Qualcomm chip under ████████████████████████████████████ ██████████████████████████████████████ are exhausted

20

outside of Germany, Motorola will continue to wrongfully threaten actions for infringement against Apple's iPhone 4S, its new iPad, and other Apple products based on the use of the MDM6610 Qualcomm chip, and thereby cause Apple irreparable harm and injury.  The object of this litigation—Apple's ability to continue selling the iPhone 4S, the new iPad, and other Apple products worldwide—exceeds $75,000 in value to Apple.

85.     Motorola's patent rights in the MDM6610 Qualcomm chip under ███████ ████████████████████████████████████████████████████████ ████████████████████████████████ are exhausted outside of Germany, and Apple is entitled to a declaration to that effect.

86.     This is an exceptional case entitling Apple to an award of its attorney's fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## V.     PRAYER FOR RELIEF

WHEREFORE, Apple respectfully requests that this Court enter the following relief against Motorola:

A.     Judgment in favor of Apple and against Motorola;

B.     A declaratory judgment that Motorola's attempt to terminate Apple's rights and covenants under the Qualcomm-Motorola license was ineffective;

C.     A declaratory judgment that the Qualcomm-Motorola license agreement shields Apple in any lawsuit from liability for infringement of the '898 patent by the iPhone 4S;

D.     A declaratory judgment that the Qualcomm-Motorola license agreement shields Apple in any lawsuit from liability for infringement of ██████████████████████ ████████████████████████████ based on Apple's use of the MDM6610 baseband processor ██████████████████████;

E.     A declaratory judgment that Motorola's patent rights in the Qualcomm MDM6610 chip under ████████████████████████████████████ ████████████████████████████████████████████████████ are exhausted outside of the Federal Republic of Germany;

SECOND AMENDED COMPLAINT; CASE NO. 3:12CV00355 DMS (BLM)

F.     Permanent injunctive relief restraining Motorola and its subsidiaries, affiliates, officers, directors, agents, employees, servants, licensors, successors, assigns, and all those acting in concert with them, from prosecuting patent infringement proceedings against Apple based on Apple's use of Qualcomm components licensed under Motorola patents in any forum outside of this Court and outside of the Federal Republic of Germany in violation of the Qualcomm-Motorola license agreement;

G.     A judgment awarding Apple all available damages for its anticipatory breach of contract by repudiation claim with the exception of damages for Motorola's breach of contract by virtue of suing Apple in the Federal Republic of Germany;

H.     An order ordering Motorola to specifically perform its contractual covenant not to sue Apple based on Apple's use of Qualcomm components outside of the Federal Republic of Germany in violation of the Qualcomm-Motorola license agreement;

I.     An order granting Apple its attorneys' fees and costs;

J.     Such further relief as this Court may deem proper in law or equity.

Dated:  August 3, 2012

Respectfully submitted,

*/s/ Robert D. Fram*
Robert D. Fram
rfram@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091

Attorneys for Plaintiffs,
APPLE INC. AND APPLE SALES
INTERNATIONAL

SECOND AMENDED COMPLAINT;
CASE NO. 3:12CV00355 DMS (BLM)