| | |
|---|---|
| 1 | WINSTON & STRAWN LLP |
| 2 | Peter E. Perkowski (SBN: 199491)<br>E-mail: pperkowski@winston.com |
| 3 | 333 S. Grand Avenue<br>Los Angeles, California 90071-1541 |
| 4 | Tel: (213) 615-1819<br>Fax: (213) 615-1750 |
| 5 | WINSTON & STRAWN LLP |
| 6 | James F. Hurst (admitted *pro hac vice*)<br>E-mail: jhurst@winston.com |
| 7 | Michael L. Brody (admitted *pro hac vice*)<br>E-mail: mbrody@winston.com |
| 8 | 35 W. Wacker Drive<br>Chicago, Illinois 60601-9703 |
| 9 | Tel: (312) 558-5600<br>Fax: (312) 558-5700 |
| 10 | WINSTON & STRAWN LLP |
| 11 | Peter J. Chassman (admitted *pro hac vice*)<br>E-mail: pchassman@winston.com |
| 12 | 1111 Louisiana, 25th Floor<br>Houston, Texas 77002-5242 |
| 13 | Tel: (713) 651-2600<br>Fax: (713) 651-2700 |
| 14 | Attorneys for Motorola Mobility LLC (f/k/a Motorola Mobility, Inc.) |

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC. and APPLE SALES INTERNATIONAL,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>MOTOROLA MOBILITY LLC,<br><br>　　　　Defendant. | Case No. 3:12-cv-00355-DMS-BLM<br><br>**MOTOROLA'S ANSWER AND AFFIRMATIVE DEFENSES TO APPLE'S SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed: February 10, 2012<br>　　　　　　　　(amended April 2, 2012)<br>　　　　　　　　(amended August 3, 2012)<br><br>Judge: Hon. Dana M. Sabraw<br>Magistrate Judge: Hon. Barbara Lynn Major<br><br>Trial Date: Not Set<br><br>PUBLIC VERSION -- REDACTED |

CASE NO. 12-cv-00355-DMS-BLM
MOTOROLA'S ANSWER AND AFFIRMATIVE DEFENSES
TO APPLE'S SECOND AMENDED COMPLAINT

Defendant, Motorola Mobility LLC, formerly known as Motorola Mobility, Inc.[1] ("Motorola"), files the following answer and affirmative defenses in response to the Confidential Second Amended Complaint ("Complaint") filed by plaintiffs, Apple Inc. and Apple Sales International (collectively "Apple").  The numbered paragraphs in the Answer correspond to the like-numbered paragraphs of the Complaint, to the extent possible.  Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that may allegedly follow from the admitted facts. Motorola denies that Apple is entitled to the relief requested or any other relief.

## ANSWER TO COMPLAINT

## GENERAL DENIAL

Unless expressly admitted below, Motorola denies each and every allegation Apple has made in the Complaint.

## RESPONSE TO APPLE'S SPECIFIC ALLEGATIONS

Motorola answers the allegations in the separately numbered paragraphs of Apple's Complaint as follows:

## PARTIES[2]

1. Motorola lacks information sufficient to form a belief as to the allegations of Paragraph 1 and, on that basis, denies same.

2. Motorola lacks knowledge or information sufficient to form a belief as to the allegations that Plaintiff Apple Sales International is an unlimited company organized under the laws of the Republic of Ireland in Paragraph 2 and therefore denies same.  Motorola admits the remaining allegations in Paragraph 2.

---

[1] Apple filed its original Complaint and its First Amended Complaint in this action against Motorola Mobility, Inc.  On June 22, 2012, Motorola Mobility, Incorporated obtained a Certificate of Conversion from the Delaware Department of State, Division of Corporations, in which Motorola Mobility, Inc. was converted to Motorola Mobility LLC.  Apple filed its Second Amended Complaint against Motorola Mobility LLC.

[2] To the extent that any of the headings Apple used in its Second Amended Complaint contain any allegations or characterizations, Motorola denies the truth of those allegations or characterizations.

3.  Admitted.

## JURISDICTION AND VENUE

4.  Motorola denies that this action, as pled, is a proper action for declaratory and injunctive relief arising under Title 35 of the United States Code. Motorola denies that this Court has subject matter jurisdiction over Apple's claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202. Motorola admits that this is an action among diverse parties but denies that the amount in controversy as a result of Apple's claims exceeds the sum or value of $75,000. Motorola denies all remaining allegations of Paragraph 4.

5.  Motorola admits this Court has personal jurisdiction over Motorola for the purposes of this case only. Motorola denies all remaining allegations of Paragraph 5.

6.  Motorola admits that venue is proper under 28 U.S.C. § 1391(b) and (c), but denies that venue is proper pursuant to [REDACTED]. Motorola denies all remaining allegations of Paragraph 6.

### I. APPLE'S ALLEGATIONS REGARDING NATURE OF THE ACTION

7.  Motorola admits that Apple alleges this is a lawsuit for anticipatory breach of contract by repudiation and declaratory relief related to Motorola's certain license agreements with Qualcomm, but Motorola specifically denies that it committed any breach and that Apple is entitled to any declaratory relief. Motorola admits that Motorola Inc. entered a license agreement with Qualcomm and that interests of Motorola Inc. in that agreement have been assigned to Motorola. Motorola admits that it sued Apple Sales International and Apple Inc. in separate actions in the Mannheim District Court in the Federal Republic of Germany, claiming infringement of Motorola's European Patent No. 1 010 336 ("the '336 patent"), a foreign counterpart to the '898 patent, by Apple mobile communications devices because they incorporate functionality defined in part by the European Telecommunications Standards Institute's ("ETSI's") GPRS standard. Apple's iPhone 4S is compliant with the GPRS standard, and therefore became an accused product in the ASI Mannheim proceeding and subject to the

1  Mannheim Court's injunctive order entered December 9, 2011.  Motorola admits that the
2  question of liability is no longer an issue in Germany because Apple has voluntarily
3  acknowledged its liability for past damages even though, technically, the issue of liability with
4  regard to infringement of the '336 patent is still pending before the Karlsruhe Court.  Motorola
5  admits that the parties continue to litigate in the future the amount of damages Apple must pay
6  Motorola for the past infringement and the amount of a FRAND license.  Motorola admits that
7  Apple has brought the present case but specifically denies that the counts in the case are well
8  founded or that Apple is entitled to the relief that it requests.  Motorola denies all remaining
9  allegations of Paragraph 7.[3]

## II. APPLE'S ALLEGATIONS REGARDING MOTOROLA'S LICENSE WITH QUALCOMM

8. Motorola admits that Motorola, Inc. entered an agreement and amendments with Qualcomm ███████████████, but Motorola otherwise denies any attempt to characterize the agreement and denies all remaining allegations of Paragraph 8.

9. ███████

10. ████████████████████████████████████████ Motorola denies the remaining allegations of Paragraph 10.

11. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████

12. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████

---

[3] Footnote text does not constitute pleading allegations and do not require response.  To avoid ambiguity, to the extent that a response to footnotes is required, Motorola denies all allegations of Apple's footnotes to Paragraph 7.

3
CASE NO. 12-cv-00355-DMS-BLM
MOTOROLA'S ANSWER AND AFFIRMATIVE DEFENSES
TO APPLE'S SECOND AMENDED COMPLAINT



1  13. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
2  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
3  ■■■■■■■■■■■■■■■■
4  14. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
5  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
6  ■■■■■■■■■■■■■■■■
7  15. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
8  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
9  ■■■■■■■■■■■■■■■■
10 16. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
11 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
12 ■■■■■■■■■■■■■■■■
13 17. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
14 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
15 ■■■■■■■■■■■■■■■■
16 18. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
17 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
18 ■■■■■
19 19. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
20 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
21 ■■■■■■■■■■■■■■■■
22 20. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
23 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
24 ■■■■■
25      21.   Paragraph 21 states a vague legal conclusion, to which no answer is required, and
26 is therefore denied. ■■■■■■■■■■■■■■■■■■■■■■■■■■
27 ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

### III. APPLE'S ALLEGATIONS THAT THE QUALCOMM COMPONENTS SUPPLIED FOR INCORPORATION INTO APPLE PRODUCTS ARE LICENSED BY MOTOROLA[4]

22. Upon information and belief, Motorola admits that Apple incorporates or has incorporated Qualcomm baseband processors into the iPhone 4S "new iPad" and that Apple has, at some time, been an indirect customer of Qualcomm and/or a customer of Qualcomm ▇▇▇ ▇▇▇ Motorola is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 22 and, on that basis, denies same.

23. Motorola is without information sufficient to admit or deny the allegations of the first and second sentences of Paragraph 23 and, on that basis, denies same. Upon information and belief, Motorola denies the allegations of the third sentence of Paragraph 23. Motorola denies all remaining allegations of Paragraph 23.

24. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Motorola is without information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 24, and, therefore denies same.

25. Denied.

### APPLE'S ALLEGATIONS THAT MOTOROLA MADE THREATS AND INSTITUTED LITIGATION AGAINST APPLE ON DECLARED STANDARD ESSENTIAL PATENTS

**A.   Apple's Allegations that Motorola's Breached a FRAND Promise[5]**

26. Admitted.

27. The first sentence of the allegations of Paragraph 27 is a vague legal argument, to which no answer is required, and is therefore denied. Motorola is without sufficient information

---

[4] Motorola specifically denies the characterizations and allegations contained in this and the following headings used by Apple in its Complaint.

[5] Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its Complaint.

1  to form a belief as to the truth or falsity of the allegations of the second sentence in Paragraph 27
2  and therefore denies same.  Motorola denies all remaining allegations of Paragraph 27.

3        28.    Motorola is without sufficient information to form a belief as to the truth or falsity
4  of the allegations in Paragraph 28 and therefore denies same.

5        29.    Motorola is without sufficient information to form a belief as to the truth or falsity
6  of the allegations in Paragraph 29 and therefore denies same.

7        30.    Denied.

8  **B.**    **Apple's Allegations that Motorola Allegedly Repudiated its Contract with Qualcomm[6]**

9        31.    [REDACTED]

13        32.    Motorola admits that, on January 11, 2011, Mr. Kirk Dailey, then, Motorola
14  Mobility, Inc.'s Corporate Vice President, Intellectual Property, sent a letter to Qualcomm,
15  copying Apple.  Motorola denies any selective quotations of that letter or characterizations in
16  Paragraph 32 of this or other language in the referenced letter, and Motorola denies all remaining
17  allegations of Paragraph 32.

18        33.    Denied.

19        34.    Motorola admits the allegations of the first sentence of Paragraph 34.  [REDACTED]
20  [REDACTED]  Motorola denies all remaining
21  allegations of Paragraph 34.

22  **C.**    **The German Proceedings**

23        35.    Admitted.

24        36.    Admitted.

25        37.    Motorola admits that Motorola Mobility, Inc. did not specifically identify the
26  iPhone 4S in its complaint in the ASI Mannheim Action on April 1, 2011 and that the Apple

---

[6] Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its Complaint.

iPhone 4S was not on sale in Germany at the time Motorola Mobility, Inc. filed its complaint in the ASI Mannheim Action. Motorola denies that the Apple iPhone 4S is not an accused product in the ASI Mannheim Action, because the accused devices in the ASI Mannheim Action are Apple's GPRS-enabled devices. Those devices include the iPhone 4S which, upon information and belief, was first sold in Germany in October of 2011, during the pendency of the ASI Mannheim Action. Motorola denies all remaining allegations of Paragraph 37.

38. Admitted.

39. Motorola admits that on December 14, 2011, Apple Sales International appealed the December 9, 2011 Order of the Mannheim District Court to the Higher Regional Court in Karlsruhe. Motorola admits that on December 14, 2011, Apple Sales International filed with the Mannheim District Court a Request for Suspension of Enforcement of the Mannheim District Court's December 9, 2011 Order. Motorola denies that Apple's appeal was immediate and denies all remaining allegations of Paragraph 39.

40. Motorola admits that on January 12, 2012, it submitted a Reply to Request for Stay to the Higher Regional Court of Karlsruhe stating that Apple's iPhone 4S was subject to the Mannheim District Court's cease and desist order. Motorola denies any allegation that the iPhone 4S was not at issue in the ASI Mannheim Action and denies all remaining allegations of Paragraph 40.

41. Motorola admits that in the Mannheim ASI Action, Motorola alleged that all of the mobile communication devices of Apple Sales International that support the GPRS standard, including the iPhone 4S infringed the '336 patent. Motorola admits that the '336 patent has been declared to ETSI as essential to the GPRS standard. Motorola denies all remaining allegations of Paragraph 41.

42. Motorola admits that, in its decision of January 23, 2012, the Higher Regional Court of Karlsruhe declined to stay the Mannheim District Court's cease and desist order in response to Apple Sales International's Request for Suspension, but Motorola denies any attempt to characterize or explain the basis for that Court's decision and denies all remaining allegations

of Paragraph 42.

43.     Admitted.

44.     Motorola admits the allegations of the first sentence of Paragraph 44. Motorola denies the remaining allegations of Paragraph 44.

45.     Motorola admits that ASI's appeal is pending only regarding the general declaration of damages and claims for accounting. Motorola denies all remaining allegations of Paragraph 45.

46.     Admitted.

47.     Admitted.

48.     Motorola admits that Apple has made offers to license Motorola's declared cellular standards-essential patents. Motorola is without sufficient information to form a belief as to the truth or falsity of the remaining allegations of the first sentence in Paragraph 28 and therefore denies same. The Higher Regional Court of Karlsruhe has not made a final determination regarding whether Apple's FRAND offer is valid, an allegation that has been mooted by Motorola's acceptance of the offer after Apple admitted liability for past damages for infringement, and on those bases, Motorola denies the allegations of the second sentence of Paragraph 48. Motorola admits that the question of liability is no longer an issue in Germany because Apple has voluntarily acknowledged its liability for past damages even though this issue is pending before the Karlsruhe appellate court regarding ASI's liability for infringement of the '336 patent. Motorola admits that the parties will continue to litigate in the future the amount of damages Apple must pay Motorola for the past infringement and the amount of a FRAND license. Motorola denies the remaining allegations of Paragraph 48.

**D.     Apple's Allegations that Motorola Threatened to Sue Apple for Infringement Outside of Germany[7]**

49.     Motorola admits that *Apple Inc., et al. v. Motorola, Inc., et al.*, case number 1:11-cv-08540, before the United States District Court for the Northern District of Illinois, was

---

[7] Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its Complaint.

1  originally filed by Apple on October 29, 2010 in the Western District of Wisconsin, case no. 3:10-cv-662, and transferred to the Northern District of Illinois from that court on December 1, 2011.  Motorola admits that Motorola included, in its Answer to Apple's Complaint, a counterclaim for infringement of U.S. Patent No. 6,359,898 by Apple Inc.  Motorola denies all remaining allegations of Paragraph 49.

50.  Motorola admits that Motorola did not accuse Apple's iPhone 4S, the new iPad, or Apple's use of Qualcomm's MDM6610 or other Qualcomm components in those or other Apple products of infringing the '898 patent in *Apple Inc., et al. v. Motorola, Inc., et al.*, case number 1:11-cv-08540, before the United States District Court for the Northern District of Illinois.  Motorola denies all remaining allegations of Paragraph 50.

51.  Motorola admits that Motorola and Apple entered into an agreement with respect only to the cited Illinois case, but Motorola denies any attempt to partially quote or characterize that agreement and denies all remaining allegations of Paragraph 51.

52.  Admitted.

53.  Admitted.

54.  Motorola admits that on January 23, 2012, it filed a brief, written in the German language, in the Higher District Court of Karlsruhe in the Federal Republic of Germany, in which the subject matter of the purportedly translated, quoted text in Paragraph 54 was addressed.  Motorola denies the accuracy of the translation and denies any attempt to characterize Motorola's statements and therefore denies the remaining allegations of Paragraph 54.

55.  Motorola admits that Apple's outside counsel made an inquiry of Motorola's outside counsel on March 27, 2012 as to whether Motorola would enter a stipulation not to sue Apple.  Motorola denies all remaining allegations of Paragraph 55.

**IV.    APPLE'S ALLEGATIONS THAT MOTOROLA'S ACTIONS THREATEN APPLE WITH IRREPARABLE HARM[8]**

56.    Denied.

57.    Denied.

58.    Denied.

**COUNT ONE**

**(APPLE'S ALLEGATIONS OF ANTICIPATORY BREACH OF CONTRACT TO WHICH APPLE ALLEGES IT IS A THIRD PARTY BENEFICIARY)[9]**

59.    Motorola repeats, realleges, and incorporates its responses to Paragraphs 1-58 as if fully set forth herein.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

**COUNT TWO**

**(DECLARATORY JUDGMENT THAT APPLE IS AUTHORIZED TO USE QUALCOMM COMPONENTS UNDER A COVENANT NOT TO SUE)[10]**

67.    Motorola repeats, realleges, and incorporates its responses to Paragraphs 1-66 as if fully set forth herein.

68.    Denied.[11]

---

[8] Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its Complaint.

[9] Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its Complaint.

[10] Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its Complaint.

[11] Motorola notes that Apple and Motorola are litigating issues concerning whether Motorola terminated any alleged rights under the Motorola-Qualcomm agreement and the impact of any such termination in *Apple, Inc. v. Motorola Mobility, Inc.*, C.A. No. 11-cv-178, pending in the U.S. District Court for the Western District of Wisconsin.

1    69.    Denied.

2    70.    Denied.

3    71.    Denied.

## COUNT THREE

**(DECLARATORY JUDGMENT THAT THE QUALCOMM-MOTOROLA LICENSE AGREEMENT SHIELDS APPLE IN ANY LAWSUIT FROM LIABILITY FOR INFRINGEMENT OF THE '898 PATENT BY THE IPHONE 4S)** [12]

72.    Motorola repeats, realleges, and incorporates its responses to Paragraphs 1-71 as if fully set forth herein.

73.    Denied.

74.    Denied.

75.    The first sentence of Paragraph 75 states a vague legal conclusion, to which no answer is required, and is therefore denied. ███████████████████████████████████████████████████████████████████████████████████████████████████████████ Motorola is without information sufficient to admit or deny the allegations of the second and third sentences of Paragraph 75 and, on that basis, denies same.  Upon information and belief, Motorola denies the allegations of the fourth sentence of Paragraph 75.  Motorola denies the remaining allegations of Paragraph 75.

76.    Denied.

## COUNT FOUR

**(DECLARATORY JUDGMENT THAT THE QUALCOMM-MOTOROLA LICENSE AGREEMENT SHIELDS APPLE IN ANY LAWSUIT FROM LIABILITY FOR INFRINGEMENT OF MOTOROLA'S GSM ESSENTIAL PATENTS, AS THAT TERM IS DEFINED IN THE SEPTEMBER 30, 2006 AMENDMENT, BASED ON APPLE'S USE OF THE MDM6610 BASEBAND PROCESSOR)** [13]

77.    Motorola repeats, realleges, and incorporates its responses to Paragraphs 1-76 as if fully set forth herein.

---

[12] Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its Complaint.

[13] Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its Complaint.

78. Denied.

79  Denied.

80. The first sentence of Paragraph 80 states a vague legal conclusion, to which no answer is required, and is therefore denied. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Motorola is without information sufficient to admit or deny the allegations of the second and third sentences of Paragraph 80 and, on that basis, denies same. Motorola denies the remaining allegations of Paragraph 80.

81. Denied.

### COUNT FIVE

**(DECLARATORY JUDGMENT THAT MOTOROLA'S PATENT RIGHTS UNDER MOTOROLA'S PATENT, MOTOROLA'S ESSENTIAL PATENTS, AND MOTOROLA'S GSM ESSENTIAL PATENTS, AS THOSE TERMS ARE DEFINED IN THE QUALCOMM-MOTOROLA LICENSE AGREEMENT, ARE EXHAUSTED)** [14]

82. Motorola repeats, realleges, and incorporates its responses to Paragraphs 1-81 as if fully set forth herein.

83. Denied.

84  Denied.

85. Denied.

86. Denied.

### V.  PRAYER FOR RELIEF

The allegations in the paragraph requesting relief are in the nature of a prayer. Although no answer is required, Motorola denies each and every allegation contained under heading "V" found on pages 21-22 of the Complaint. Motorola denies Apple's allegation that it is entitled to or should be granted any relief in this matter, including any of the relief Apple seeks in heading V, subparts A-J.

---

[14] Motorola specifically denies the characterizations and allegations contained in this heading used by Apple in its Complaint.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Motorola asserts the following affirmative and other defenses, and, by asserting such defenses, does not concede that Motorola bears the burden of proof as to any of them. No discovery has transpired in this case, and, therefore, Motorola is not aware of information and materials that may be relevant to the matters and issues raised herein. Accordingly, Motorola reserves the right to amend, modify, or expand the following defenses and to take further positions as the case proceeds and facts develop.

**FIRST AFFIRMATIVE DEFENSE**
**(Laches)**

Apple's claims are barred in whole or in part by the equitable doctrine of laches.

**SECOND AFFIRMATIVE DEFENSE**
**(Waiver)**

Apple's claims are barred in whole or in part by the equitable doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**
**(Equitable Estoppel)**

Apple's claims are barred in whole or in part by the doctrine of equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE**
**(Acquiescence)**

Apple's claims are barred in whole or in part by the equitable doctrine of acquiescence.

**FIFTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Apple's claims are barred in whole or in part by the equitable doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**
**(Judicial Estoppel)**

Apple is judicially estopped from proceeding with its claims because of conflicting positions taken in litigation against Motorola in other courts and administrative proceedings.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Apple is Not a Third Party Beneficiary)**

Apple's claims are barred because Apple is not a third party beneficiary to any contract described in Apple's Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

Apple is not entitled to injunctive relief because any alleged injury to Apple is not immediate or irreparable, Apple has adequate remedies at law, the balance of hardships does not favor Apple over Motorola, and the public interest does not favor an injunction.

**NINTH AFFIRMATIVE DEFENSE**
**(Lack of Standing and Capacity to Sue)**

At the time of filing its complaint, Apple was an improper party and lacked standing and capacity to sue.

**TENTH AFFIRMATIVE DEFENSE**
**(Caused Own Damages and Failure to Mitigate)**

To the extent that Apple suffered injury alleged in the complaint, Apple caused or contributed to its own damages or loss and failed to mitigate its damages.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Res Judicata and Collateral Estoppel)**

Apple's claims and/or some of the underlying factual or legal issues it seeks to prove in support of its claims are barred by the doctrines of res judicata and/or collateral estoppel to the extent that such issues were litigated and decided in other suits or administrative proceedings between or involving Apple and Motorola.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim Upon Which Relief Can Be Granted)**

Apple has failed to state a claim against Motorola upon which relief may be granted.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Breach of Contract)**

Apple's claims are barred as Motorola has not breached any contract described in Apple's complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Effective Termination of Apple's Rights)**

Apple's claims are barred, as Motorola effectively terminated any rights held by Apple under the Qualcomm-Motorola Agreements and any rights allegedly held by Qualcomm as applied to Apple in its status as a Qualcomm customer.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (No License)

Apple's iPhone 4S is not shielded by virtue of license or otherwise from assertion of the '898 patent.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (No License)

Apple's use and incorporation of the Qualcomm MDM6610 chip in Apple products is not shielded by virtue of licenses or otherwise from assertions of Motorola's GSM Essential Patents, as that term is defined in the September 30, 2006 Amendment.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Motorola's Patent Rights Are Not Exhausted)

Motorola's patent rights in the Qualcomm MDM6610 chip under Motorola's Patents, Motorola's Essential Patents, and Motorola's GSM Essential Patents, to the extent implicated in the MDM6610 chip, are not exhausted outside of Germany.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Denial of Discretionary Relief)

The Court should exercise its discretion to not hear Apple's claims seeking declaratory relief and to not grant any declaratory relief.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Reservation of Remaining Defenses)

Motorola reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola demands a trial by jury on Apple's claims and Motorola's defenses.

## REQUEST FOR RELIEF

WHEREFORE, Motorola prays that this Court enter judgment and provide relief as follows:

a. Judgment be entered that Apple take nothing by reason of the Complaint and that the Complaint be dismissed with prejudice;

b. Judgment be entered that this is an exceptional case entitling Motorola to an award of its attorneys' fees for Motorola's defense against Apple's Complaint, together with pre-judgment and post-judgment interest, and costs of the action, pursuant to 35 U.S.C. §285; and

c. Judgment be entered awarding Motorola such other and further relief as this Court may deem just and proper.

Dated:  August 27, 2012

Respectfully submitted,

**WINSTON & STRAWN LLP**

By:     /s/ *Peter E. Perkowski*

Peter E. Perkowski
333 S. Grand Avenue
Los Angeles, California 90071-1541
Tel:  (213) 615-1819
Fax: (213) 615-1750

James F. Hurst (admitted *pro hac vice*)
Michael L. Brody (admitted *pro hac vice*)
35 W. Wacker Drive
Chicago, Illinois  60601-9703
Tel:  (312) 558-5600
Fax: (312) 558-5700

Peter J. Chassman (admitted *pro hac vice*)
1111 Louisiana, 25th Floor
Houston, Texas 77002-5242
Tel:  (713) 651-2600
Fax: (713) 651-2700

*Attorneys for* Motorola Mobility LLC (f/k/a Motorola Mobility, Inc.)

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2012, I caused this motion document and the declaration in support to be electronically filed with the Clerk of the Court using the ECF System of the U.S. District Court for the Southern District of California, which will send notification of such filing to, constituting service of this document on, all filing users.

/s/ Peter Perkowski
Peter E. Perkowski