1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11   APPLE INC. and APPLE SALES            )   Case No. 12cv355-GPC (BLM)
     INTERNATIONAL,                        )
12                                         )   **CASE MANAGEMENT CONFERENCE**
                         Plaintiffs,       )   **ORDER REGULATING DISCOVERY**
13                                         )   **AND OTHER PRETRIAL**
     v.                                    )   **PROCEEDINGS**
14                                         )
     MOTOROLA MOBILITY LLC,                )   (Fed. R. Civ. P. 16)
15                                         )   (Local Rule 16.1)
                         Defendant.        )   (Fed. R. Civ. P. 26)
16                                         )
17   _____       )

18          Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case

19   Management Conference was held on October 31, 2012.  After consulting with the attorneys

20   of record for the parties and being advised of the status of the case, and good cause

21   appearing,

22          **IT IS HEREBY ORDERED:**

23          1.      In their Joint Rule 26(f) Report and Discovery Plan, the parties stated that they

24   were discussing possible agreements regarding the protection of confidential information,

25   the production of Electronically Stored Information ("ESI"), and the cross-use of discovery

26   produced in other litigation.   ECF No. 95.   During the conference call, the attorneys

27   acknowledged that they had not resolved any of those issues.  To facilitate discovery in this

28   case, the parties must file agreements and proposed orders regarding the protection of

confidential information, the production of ESI, and the cross-use of discovery by **November 26, 2012**. If the parties are unable to reach agreement on any of these issues, the parties must file a document identifying the terms on which they agree and disagree. For the terms on which the parties do not agree, each party must set forth the language it proposes and the legal and factual support for the proposal.

2.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **December 3, 2012**.

3.    Each party shall serve on all opposing parties a list of experts, whom that party expects to call at trial, on or before **January 25, 2013**. Each party may supplement its designation in response to the other party's designation no later than **February 15, 2013**. Expert designations shall include the name, address, and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **March 15, 2013**. Any contradictory or rebuttal information shall be disclosed on or before **April 19, 2013.** In addition, Fed. R. Civ. P. 26(e)(2) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below).

The parties are advised to consult with Fed. R. Civ. P. 26(a)(2) regarding expert disclosures. Such disclosures shall include an expert report, all supporting materials, a

complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the expert in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness including a list of all publications authored by the witness within the preceding ten years, the compensation to be paid for the study and testimony, and a list of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

This disclosure requirement applies to all persons retained or specially employed to provide expert testimony or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5.   All discovery shall be completed by all parties on or before **May 31, 2013**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure.

Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Federal Rule of Civil Procedure 37(a)(1) and Civil Local Rule 26.1(a).  **All discovery motions shall be filed within thirty (30) days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than sixty (60) days after the date upon which the event giving rise to the discovery dispute occurred.**  For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition.  For written discovery, the event giving rise to the discovery dispute is either the service of the response, or, if no

1  response was served, the initial date the response was due.  **In addition, all discovery**

2  **motions must be filed within thirty (30) days after the close of discovery.**

3     6.      All other pretrial motions, including those addressing Daubert v. Merrell Dow

4  Pharmaceuticals, Inc., 509 U.S. 579 (1993) issues[1], must be filed on or before

5  **June 28, 2013**.  Motions will not be heard or calendared unless counsel for the moving

6  party has obtained a motion hearing date from the law clerk of the judge who will hear the

7  motion.  Failure to timely request a motion date may result in the motion not being heard.

8     Briefs or memoranda in support of or in opposition to any pending motion shall not

9  exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.

10  No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear

11  the motion.

12     7.      Pursuant to Local Rule 7.1(f)(3)(c), **if an opposing party fails to file**

13  **opposition papers in the time and manner required by Local Rule 7.1(e)(2), that**

14  **failure may constitute a consent to the granting of a motion or other request for**

15  **ruling by the Court**.  Accordingly, all parties are ordered to abide by the terms of Local

16  Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an

17  unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

18     8.      Should either party choose to file or oppose a motion for summary judgment

19  or partial summary judgment, no Separate Statement of Disputed or Undisputed Facts is

20  required.

21     9.      A Mandatory Settlement Conference shall be conducted on **July 15, 2013** at

22  **9:30 a.m.** in the chambers of Magistrate Judge Barbara L. Major located at **333 West**

23  **Broadway, Suite 1110, San Diego, CA 92101**.  All discussions at the Mandatory

24  Settlement Conference will be informal, off the record, privileged, and confidential.  Counsel

25  for any non-English speaking party is responsible for arranging for the appearance of an

26

27  [1]

28  In the event that no dispositive motions are filed, Daubert motions may be submitted along with the parties' motions in limine.

1   interpreter at the conference.

2        a.    **Personal Appearance of Parties Required**: All parties, adjusters

3   for insured defendants, and other representatives of a party having full and complete

4   authority to enter into a binding settlement, as well as the principal attorneys responsible

5   for the litigation, must be present **in person** and legally and factually prepared to discuss

6   settlement of the case.  Counsel appearing without their clients (whether or not counsel has

7   been given settlement authority) will be cause for immediate imposition of sanctions and

8   may also result in the immediate termination of the conference.

9        Unless there is good cause, persons required to attend the conference pursuant to

10  this Order shall not be excused from personal attendance.  **Requests for excuse from**

11  **attendance for good cause shall be made in writing at least three (3) court days**

12  **prior to the conference.**  Failure to appear **in person** at the Mandatory Settlement

13  Conference will be grounds for sanctions.

14       b.    **Full Settlement Authority Required**: In addition to counsel who will

15  try the case, a party or party representative with full settlement authority[2] must be present

16  for the conference.  In the case of a corporate entity, an authorized representative of the

17  corporation who is not retained outside counsel must be present and must have discretionary

18  authority to commit the company to pay an amount up to the amount of Plaintiff's prayer

19  (excluding punitive damages prayers).   The purpose of this requirement is to have

20  representatives present who can settle the case during the course of the conference without

21  consulting a superior.   Counsel for a government entity may be excused from this

22  requirement so long as the government attorney who attends the Mandatory Settlement

23  Conference (1) has primary responsibility for handling the case, and (2) may negotiate

---

24  [2]

25    "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore
26  settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  Heileman Brewing
  Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and
  authority" to change the settlement position of a party.  Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz.
27  2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that
  the person's view of the case may be altered during the face to face conference.  Id. at 486.  A limited or a sum certain
28  of authority is not adequate.  See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

                  12cv355-GPC (BLM)

settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

c. **Confidential Settlement Statements Required**:  No later than **July 8, 2013**, the parties shall submit directly to Magistrate Judge Major's chambers (via hand delivery or email address efile_major@casd.uscourts.gov) confidential settlement statements no more than five (5) pages in length.  **These confidential statements shall not be filed or served on opposing counsel.**  Each party's confidential statement must include the following:

(i)     A brief description of the case, the claims and/or counterclaims asserted, and the applicable defenses or position regarding the asserted claims;

(ii)    A specific and current demand or offer for settlement addressing all relief or remedies sought.  If a specific demand or offer for settlement cannot be made at the time the brief is submitted, then the reasons therefore must be stated along with a statement as to when the party will be in a position to state a demand or make an offer; and

(iii)   A brief description of any previous settlement negotiations, mediation sessions, or mediation efforts.

General statements that a party will "negotiate in good faith" is not a specific demand or offer contemplated by this Order.  It is assumed that all parties will negotiate in good faith.

d. **Requests to Continue a Mandatory Settlement Conference**: Any request to continue the Mandatory Settlement Conference or request for relief from any of the provisions or requirements of this Order must be sought by a **written** ex parte **application**.  The application must (1) be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested, (2) confirm compliance with Civil Local Rule 83.3(h), and (3) report the position of opposing counsel or any unrepresented parties subject to the Order.  **Absent good cause, requests for continuances will not be considered unless submitted in writing no less than seven (7) days prior to the**

1    scheduled conference.

2         **If the case is settled in its entirety before the scheduled date of the**

3    **conference, counsel and any unrepresented parties must still appear in person,**

4    **unless a written joint notice confirming the complete settlement of the case is**

5    **filed no fewer than twenty-four (24) hours before the scheduled conference.**

6         10.    The parties must comply with the pretrial disclosure requirements of Fed. R.

7    Civ. P. 26(a)(3) no later than **September 20, 2013**.  The parties should consult Fed. R. Civ.

8    P. 26(a)(3) for the substance of the required disclosures.

9         **Please be advised that failure to comply with this section or any other**

10   **discovery order of the Court may result in the sanctions provided for in Fed. R.**

11   **Civ. P. 37, including a prohibition on the introduction of designated matters in**

12   **evidence**.

13        11.    Despite the requirements of Local Rule 16.1(f), neither party is required to file

14   Memoranda of Contentions of Fact and Law at any time.  The parties shall instead focus their

15   efforts on complying with their pretrial disclosure requirements under Fed. R. Civ. P. 26(a)(3)

16   and drafting and submitting a proposed pretrial order by the time and date specified in Local

17   Rule 16.1(f)(6).

18        12.    Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on

19   or before **September 27, 2013**.  At this meeting, counsel shall discuss and attempt to

20   enter into stipulations and agreements resulting in simplification of the triable issues.

21   Counsel shall exchange copies and/or display all exhibits other than those to be used for

22   impeachment, and lists of witnesses and their addresses including experts who will be called

23   to testify.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c).

24   Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

25        13.    The proposed final pretrial conference order, including written objections, if

26   any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served,

27   and lodged with Judge Curiel's chambers on or before **October 11, 2013** and shall be in

28   the form prescribed in and in compliance with Local Rule 16.1(f)(6).  Any objections shall

comply with the requirements of Fed. R. Civ. P. 26(a)(3).  **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

14.    The final pretrial conference is scheduled on the calendar of the Honorable Gonzalo P. Curiel on **October 18, 2013** at **1:30 p.m.**  The trial date will be assigned by Judge Curiel at the pretrial conference.

15.    The dates and times set forth herein will not be modified except for good cause shown.

16.    Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED:  November 5, 2012

BARBARA L. MAJOR
United States Magistrate Judge