MERYL L. YOUNG (CA SBN 110156)
myoung@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Fax: (949) 451-4220

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
(admitted *pro hac vice*)
SCOTT A. LESLIE (admitted *pro hac vice*)
sleslie@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Fax: (212) 351-4035

Attorneys for Plaintiffs APPLE INC. and
APPLE SALES INTERNATIONAL

PETER E. PERKOWSKI (CA SBN 199491)
pperkowski@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1541
Telephone: (213) 615-1819
Fax: (213) 615-1750

JAMES F. HURST (admitted *pro hac vice*)
jhurst@winston.com
MICHAEL L. BRODY (admitted *pro hac vice*)
mbrody@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, Illinois 60601-9703
Telephone: (312) 558-5600
Fax: (312) 558-5700

PETER J. CHASSMAN (admitted *pro hac vice*)
pchassman@winston.com
WINSTON & STRAWN LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002-5242
Telephone: (713) 651-2600
Fax: (713) 651-2700

Attorneys for Defendant MOTOROLA
MOBILITY LLC (f/k/a Motorola Mobility, Inc.)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC. and APPLE SALES INTERNATIONAL,<br><br>      Plaintiffs,<br><br> vs.<br><br>MOTOROLA MOBILITY LLC,<br><br>      Defendant. | CASE NO. 3:12-CV-00355-GPC-BLM<br><br>**JOINT MOTION FOR ENTRY OF PROPOSED PROTECTIVE ORDER AND PROPOSED AGREEMENT REGARDING THE FORMAT OF DOCUMENT PRODUCTIONS** |

Pursuant to the Court's Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings, dated November 5, 2012 (the "Order"), Plaintiffs Apple Inc. and Apple Sales International (collectively, "Apple") and Defendant Motorola Mobility LLC ("Motorola"), by and through their respective counsel, hereby jointly move, pursuant to Local Rule 7.1 and 7.2, for entry of the Joint [Proposed] Protective Order and Joint [Proposed] Agreement Regarding the Format of Document Productions being submitted to the Court concurrently herewith. The parties have agreed that a proposed order regarding cross-use of discovery is not necessary at this time.

Also pursuant to the Court's Order, "[i]f the parties are unable to reach agreement on any of these issues, the parties must file a document identifying the terms on which they agree and disagree." Order at 2. The parties disagree concerning a single provision in these joint proposed orders: paragraph 22 of the Joint [Proposed] Protective Order, which sets forth the cut-off date for logging of privileged, work product, and other materials exempt from discovery. The language proposed by each party and the party's support therefor are set forth below.

### Apple's Proposal

"22.   The parties agree to cut off logging of privileged, work product, and other materials exempt from discovery created on or after October 6, 2010 and privileged or work product communications between a party and its outside litigation counsel."

The parties' dispute is a narrow one. Apple proposes that the parties cut off logging of privileged, work product, and other materials exempt from discovery created on or after <u>October 6, 2010</u>—the date on which Motorola first sued Apple for patent infringement. *See In the Matter of Certain Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof*, ITC Inv. No. 337-TA-745 (Oct. 6, 2010); *Motorola Mobility, Inc. v. Apple, Inc.*, Case No. 10-cv-23580-RNS (S.D. Florida) (Oct. 6, 2010); *Motorola Mobility, Inc. v. Apple, Inc.*, Case No. 10-cv-6381 (N.D. Illinois) (Oct. 6, 2010); *Motorola Mobility, Inc. v. Apple, Inc.*, Case No. 10-cv-6385 (N.D. Illinois) (Oct. 6, 2010). Motorola proposes that the parties cut off logging of privileged, work product, and other materials exempt from discovery created on or after <u>February 10, 2012</u>—the date on which this litigation commenced.

1

JOINT MOTION FOR ENTRY OF PROPOSED PROTECTIVE
ORDER AND PROPOSED AGREEMENT REGARDING THE
FORMAT OF DOCUMENT PRODUCTIONS

CASE NO. 12-CV-00355-GPC-BLM

As set forth in Apple's Second Amended Complaint in this action, Apple's claims arise from, *inter alia*, Motorola's threats and actions in other judicial forums, including in *Apple Inc., et al. v. Motorola, Inc., et al.*, Case No. 11-cv-8540, before the United States District Court for the Northern District of Illinois (the "Illinois action"). *See* Second Am. Compl., Dkt. 69 (Aug. 3, 2012) ¶ 49. In the Illinois action, which was initiated on October 29, 2010, Motorola accused Apple of infringing U.S. Patent 6,359,898, which is also at issue in this case. *See id.* ¶¶ 49, 72-75. The parties in that action agreed to be bound by a Protective Order that is substantially similar to the proposed Protective Order in this case and that similarly cuts off the logging of privileged, work product, or other exempt materials created on or after a date certain in 2010 (in that case, September 1, 2010). *See* Joint [Proposed] Protective Order, *Apple Inc. v. Motorola, Inc.*, Case No. 11-cv-8540, Dkt. 51 (Jan. 28, 2011), ¶ 22; *see also* Joint Protective Order, *Motorola Mobility, Inc. v. Apple, Inc.*, Case No. 10-cv-23580, Dkt. 69 (Mar. 23, 2011), ¶ 22 (containing similar provision).

Given the parties' litigation history and the overlapping issues therein, there is no doubt that materials that have been withheld on privilege, work product, or other grounds in prior cases will similarly be withheld here. This is true whether or not the prior litigations between the parties involved the particular license agreement or products at issue in this case. Moreover, while Apple acknowledged at the Case Management Conference that the legal issues in the present case can be resolved separately from those in the other Apple-Motorola cases (a point Motorola relies upon below), the fact remains that there will necessarily be overlapping discovery. Indeed, Apple explained as much when it initially proposed an agreement regarding the cross-use of discovery among the various Apple-Motorola cases, though in order to compromise, Apple has agreed not to push for such an agreement at this time. Requiring the parties to log materials in this case when they have not done so previously not only will add unnecessary burdens on each side that were not imposed in the other cases, but also would circumvent the parties' prior Protective Orders by forcing documents the parties previously agreed not to log to be logged here.

2

Because the parties' practice in other cases has been to cut off logging of privileged, work product, and other materials exempt from discovery created on or after a date in 2010, Apple respectfully submits that its proposal of using October 6, 2010—the date on which Motorola first filed suit against Apple—as the cut-off date here is reasonable, fair, and efficient.

### Motorola's Proposal

> "22.   The parties agree to cut off logging of privileged, work product, and other materials exempt from discovery created on or after February 10, 2012 and privileged or work product communications between a party and its outside litigation counsel."

Motorola's position is that the cutoff date after which the parties need not log privileged documents should be February 10, 2012, the date of Apple's original complaint in the present case.  As Apple argued at the Case Management Conference, the issues in the present case are discrete from those in the other cases between Apple and Motorola – they concern Apple's alleged rights under a Patent License Agreement ("PLA") between Motorola and Qualcomm and whether Motorola's patent rights are exhausted under that agreement.  However, Apple has arbitrarily selected October 6, 2010 – the filing date of a different lawsuit between the parties – for privilege logging cutoff.  Apple's own allegations demonstrate the flaw in Apple's selection of that date.  As mere examples, Apple alleges that Motorola repudiated its contract by, among other things: sending a letter to Qualcomm and Apple on January 11, 2011 concerning the PLA; and making statements in a January 23, 2012 brief in a German lawsuit.  Second Amended Complaint (Doc. No. 69), ¶¶ 31, 32, 54, 61, 63.  Under Apple's approach, Apple would not need to log contemporaneous or subsequent privileged documents concerning either of these theories.  Thus, setting the privilege logging cutoff date at the February 10, 2012 filing of Apple's original complaint in this case would be appropriate.

Apple's purported justifications for its positions are baseless.  First, Apple vaguely points to other actions between Apple and Motorola and, specifically, the Northern District of Illinois 8540 action, where Motorola asserted U.S. Patent No. 6,359,898 ("the '898 patent").  While Apple's claims in this case concern only rights that Apple claims it has with respect to Apple products that contain processor chips supplied by Qualcomm, Apple omits the fact that such

products were explicitly omitted from the Illinois 8540 action.  Second Amended Complaint ¶¶ 49-51.  In addition, the Illinois action concerned whether Apple's non-Qualcomm-based products infringed the '898 patent and not whether any rights under the Qualcomm PLA extend to Apple's products that contain Qualcomm chips – two completely distinct issues.  Second, Motorola originally proposed a substantially different protective order from the one proposed by Apple in this case.  Only in the spirit of cooperation, did Motorola yield to Apple's proposal to use the form of protective order to which the parties have agreed in this case (and which contains some differences from those used in other cases between the parties).  Motorola's agreement to the form proposed by Apple in this case should not be held against Motorola when it comes to the cutoff date for logging privileged documents.  Motorola does not want to create unnecessary burdens on either party and proposes a cutoff date by which Motorola itself is willing to abide, undoubtedly subjecting Motorola to logging more documents than Apple's proposed date, but the date proposed by Motorola is, in fact, the more appropriate date.  Apple brought this case and should not be permitted to shield privilege log entries directly applicable to its core case theories on the basis of, at most, a tenuous connection to other cases containing different issues.

Respectfully submitted,

Dated: November 26, 2012

GIBSON, DUNN & CRUTCHER LLP

By:   *s/ Meryl L. Young*
MERYL L. YOUNG (CA SBN 110156)
myoung@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone:  949-451-3800
Facsimile:  949-451-4220

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
(admitted *pro hac vice*)
SCOTT A. LESLIE (admitted *pro hac vice*)
sleslie@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212-351-2490
Facsimile:  212-351-6390

*Attorneys for Apple Inc. and Apple Sales International*

Dated: November 26, 2012

          WINSTON & STRAWN LLP

By:   *s/  Peter J. Chassman*

PETER E. PERKOWSKI (CA SBN 199491)
pperkowski@winston.com
333 S. Grand Avenue
Los Angeles, CA 90071-1541
Telephone:  213-615-1819
Facsimile:  213-615-1750

JAMES F. HURST (admitted *pro hac vice*)
jhurst@winston.com
MICHAEL L. BRODY (admitted *pro hac vice*)
mbrody@winston.com
35 W. Wacker Drive
Chicago, Illinois  60601-9703
Telephone:  312-558-5600
Facsimile:  312-558-5700

PETER J. CHASSMAN (admitted *pro hac vice*)
pchassman@winston.com
1111 Louisiana, 25th Floor
Houston, Texas 77002-5242
Telephone:  713-651-2623
Facsimile:  713-651-2700

*Attorneys for Motorola Mobility LLC
(f/k/a Motorola Mobility, Inc.)*

# CERTIFICATE OF SERVICE

I, the undersigned, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 3161 Michelson Drive, Irvine, California 92612-4412.

On November 26, 2012, I caused the following documents to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filings to all known counsel of record:

**JOINT MOTION FOR ENTRY OF PROPOSED PROTECTIVE ORDER AND PROPOSED AGREEMENT REGARDING THE FORMAT OF DOCUMENT PRODUCTIONS**

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on November 26, 2012, at Irvine, California.

By: *s/ Meryl L. Young*
Meryl L. Young

6
JOINT MOTION FOR ENTRY OF PROPOSED PROTECTIVE ORDER AND PROPOSED AGREEMENT REGARDING THE FORMAT OF DOCUMENT PRODUCTIONS

CASE NO. 12-CV-00355-GPC-BLM