UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC. and APPLE SALES INTERNATIONAL,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>MOTOROLA MOBILITY LLC,<br><br>　　　　　　Defendant. | Case No. 12cv355-GPC (BLM)<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION FOR EXCEPTION FROM PROTECTIVE ORDER [ECF No. 151]; AND**<br><br>**(2) GRANTING MOTIONS TO FILE SUPPORTING DOCUMENTS UNDER SEAL [ECF Nos. 152, 154, & 158]** |

On October 29, 2013, Defendant Motorola Mobility LLC ("Motorola") filed a motion for an exception to the protective order entered in this case. ECF Nos. 151 (redacted), 153 (sealed). Specifically, Motorola seeks permission to allow its in-house counsel, as well as the in-house counsel of its parent company, Google Inc., to review unredacted portions of two emails produced by non-party Qualcomm Inc. ("Qualcomm"). Id. at 16. Motorola seeks to use these two emails for purposes unrelated to the instant litigation. Id. On November 13, 2013, Plaintiffs Apple Inc. and Apple Sales International ("Apple") filed an opposition to Motorola's motion. ECF Nos. 154 (redacted), 155 (sealed). Motorola filed a reply on

November 20, 2013 [ECF Nos. 157 (redacted), 159 (sealed)][1] and the Court took the matter under submission pursuant to Local Rule 7.1(d).  Having reviewed all of the briefing, declarations, and supporting exhibits submitted by the parties, the Court **DENIES** Motorola's motion for the reasons set forth below.

On December 5, 2013, the Court entered the parties' Joint Protective Order ("Protective Order").  ECF No. 101.  The Protective Order provides in relevant part that only outside counsel and staff, independent experts, litigation support vendors, and the Court and court personnel shall be allowed to access information designated as confidential by the parties.  Id. at ¶ 10(a)-(d).  The Protective Order further provides that "Protected Materials in this case shall be used only in this matter."  Id. at ¶ 1.

Courts have inherent authority to modify a protective order upon a showing of good cause. Philips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002).  The parting moving to modify the protective order bears the burden of establishing a sufficient need for the information that outweighs the risk of injury to the party opposing the modification. Intel Corp. v. VIA Technologies, Inc., 198 F.R.D. 525, 528 (N.D. Cal. 2000) (citing Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992)). Moreover, courts have required the moving party to demonstrate how the protective order will prejudice its case.  Id.  Here, as set forth above, the Protective Order specifically contemplates that materials designated as confidential will be used only in the instant litigation.  ECF No. 101 at ¶ 1.  Nowhere does Motorola argue that its in-house counsel's access to the disputed emails is needed to prepare its defense in *this* case.  Rather, Motorola admits in its motion and reply that it seeks to use the contents of the disputed emails to "address Qualcomm's breach with Qualcomm outside the context of this case."  ECF No. 157 at 7.  Although Motorola contends that the cases cited by the Court and Apple are inapposite

---

[1] The parties filed several motions seeking to file the pleadings and supporting documents under seal and/or in a redacted version.  See ECF Nos. 152, 154, & 158.  The Court **GRANTS** these motions.  The Court has reviewed and considered all of the sealed documents; however, because the Court is not sealing this order, the Court will cite only to the publicly-filed documents.

because they address requests to *modify* a protective order whereas Motorola is seeking an *exception* to the protective order[2], Motorola has not provided the Court with law governing an *exception* to the protective order. The Court therefore will apply the law governing the modification of a protective order.

Given the facts and circumstances of this case, the Court declines to modify (or make an exception to) the protective order to permit Motorola to show the two disputed emails to several members of Motorola's and Google's in-house counsel for purposes unrelated to the instant litigation. Motorola has admitted that the request is not designed to assist in its defense in this case and, therefore, Motorola will not suffer any prejudice in this case if the request is denied. On the other hand, Apple has established that the emails contain highly confidential business information and/or trade secrets and that Apple risks suffering significant harm if the information is disclosed to a direct competitor such as Motorola. While the Court acknowledges that Motorola has offered to redact significant portions of the emails and is seeking a "narrowly tailored exception," the Court still finds that the potential risk of modifying the protective order greatly outweighs the need for the modification, especially since discovery has closed in this case and Motorola does not intend to use the information in this litigation. In addition, the Court notes that the protective order and its enforcement in this case have been the issue of numerous discussions and challenges and the Court finds it would be inappropriate to modify the protective order in this way after

---

[2] Specifically, Apple cites Brown Bag and Intel, supra, for the proposition that Motorola must show (1) how abiding by the current protective order will prejudice its defense in this case; and (2) that such prejudice outweighs the risk of injury to Apple. ECF No. 154-2 at 11. Motorola argues that in those cases, the moving parties sought to modify a protective order to allow in-house counsel complete access to all confidential information in the case. ECF No. 157 at 9. Motorola further argues that the Brown Bag court "did not establish a standard that a party must show prejudice to its defense in a case" and "did not address a situation where a party seeks to use information provided under a protective order for a purpose outside of the case." Id. However, although Motorola is correct that these cases did not address situations where the confidential information was sought for purposes outside of the case, numerous other district courts have applied the factors set forth in Brown Bag and this Court also finds it appropriate to apply those factors. See, e.g., Stanislaus Food Products Co. v. USS-POSCO Industries, 2012 WL 6160469, *2 (E.D. Cal. Dec. 11, 2012); Life Technologies Corp. v. Ebioscience Inc., 2011 WL 1597441, *2 (S.D. Cal. Apr. 26, 2011); CytoSport, Inc. v. Vital Pharmaceuticals, Inc., 2010 WL 1904840, *2 (E.D. Cal. May 10, 2010).

1 discovery has closed.  Because Motorola has failed to establish that good cause exists to
2 modify the protective order, its motion is **DENIED**.
3      **IT IS SO ORDERED.**

5 DATED:  December 23, 2013

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge