MERYL L. YOUNG (CA SBN 110156)
myoung@gibsondunn.com
JEFFREY T. THOMAS (CA SBN 106409)
jtthomas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3967
Fax: (949) 451-4670

Y. ERNEST HSIN (CA SBN 201668)
ehsin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5322
Fax: (650) 849-5333

Attorneys for Plaintiffs
APPLE INC. and APPLE SALES INTERNATIONAL

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

APPLE INC. and APPLE SALES INTERNATIONAL,

Plaintiffs,

vs.

MOTOROLA MOBILITY LLC,

Defendant.

CASE NO. 3:12-CV-00355-GPC-BLM

**PLAINTIFFS APPLE INC.'S AND APPLE SALES INTERNATIONAL'S THIRD AMENDED RULE 26(a)(3) DISCLOSURES**

**REDACTED**

Apple Inc. and Apple Sales International (collectively, "Apple") respectfully submit the following Third Amended Pretrial Disclosures pursuant to Fed. R. Civ. P. 26(a)(3) and this Court's February 21, 2014 Case Management Conference Order. *See* Dkt. 226.

Pursuant to this Court's instructions to Apple's counsel on April 9, 2014, these Third Amended Disclosures collect and set forth all of Apple's pre-trial disclosures made in previous filings dated March 21, March 26, and April 3, 2014 (Dkt. Nos. 236, 239, and 246, respectively). Apple respectfully requests that the Court disregard those previous filings, including any related motions to file documents under seal. *See* Dkt. Nos. 235-240, 244-246.

## I. WITNESSES APPLE WILL OR MAY PRESENT AT TRIAL

Subject to the following reservations, Apple identifies the following individuals it expects to present at trial and those it may call if the need arises. If any witness listed on Apple's witness list is unavailable, Apple reserves the right to offer deposition testimony from such witness. Apple also reserves the right to call any witness appearing on Motorola's witness list, including in Apple's case in chief, and reserves the right to call additional witnesses in rebuttal to those witnesses called by Motorola Mobility LLC ("Motorola"). The listing of a witness on Apple's witness list does not require Apple to call that witness to testify, either in person or by deposition. Apple reserves the right to amend this witness list in consideration of the Court's rulings on the parties' currently pending motions for summary judgment, to strike evidence, and to exclude experts, or if required in the interests of justice or otherwise.

| Name and Address | Presentation |
|---|---|
| Timothy Butzow<br>Gibson, Dunn & Crutcher LLP<br>Attn: Y. Ernest Hsin<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>(650) 849-5322 | Will call |

| Name and Address | Presentation |
|---|---|
| Richard Donaldson<br>Gibson, Dunn & Crutcher LLP<br>Attn: Y. Ernest Hsin<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>(650) 849-5322 | May call |
| Fabian Gonell<br>Norton Rose Fulbright LLP<br>Attn: Richard Zembek<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br>(713) 651-5283 | Will call |
| Michael Hartogs<br>Norton Rose Fulbright LLP<br>Attn: Richard Zembek<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br>(713) 651-5283 | May call |
| Michael Keeley<br>Gibson, Dunn & Crutcher LLP<br>Attn: Y. Ernest Hsin<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>(650) 849-5322 | Will call |
| Eric Koliander<br>Norton Rose Fulbright LLP<br>Attn: Richard Zembek<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br>(713) 651-5283 | May call |
| Susan Sweeney<br>Norton Rose Fulbright LLP<br>Attn: Richard Zembek<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095<br>(713) 651-5283 | May call |
| Boris Teksler | May call |

| Name and Address | Presentation |
|---|---|
| Gibson, Dunn & Crutcher LLP<br>Attn: Y. Ernest Hsin<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>(650) 849-5322 | |
| David Tom<br>Gibson, Dunn & Crutcher LLP<br>Attn: Y. Ernest Hsin<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>(650) 849-5322 | Will call |
| B.J. Watrous<br>Gibson, Dunn & Crutcher LLP<br>Attn: Y. Ernest Hsin<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>(650) 849-5322 | May call |

## II. BRIEF NARRATIVE OF EXPERT WITNESS QUALIFICATIONS AND SUBSTANCE OF EXPECTED TESTIMONY

Ordinarily, under CivLR 16.1(f)(2), parties are directed to file a Memorandum of Contentions of Fact and Law. Pursuant to the parties' November 5, 2012 Case Management Conference Order (Dkt. No. 99) and under Judge Curiel's individual pretrial procedures, that requirement is waived. Therefore, Apple does not admit that it is required to submit separate statements of its expert witnesses' qualifications at this time. *See* CivLR 16.1(f)(2)(d). However, Apple provides this statement as an accommodation to Motorola, which provided additional information in its pretrial disclosures.

### A. Dr. Michael Keeley

Dr. Keeley is Senior Vice President of Cornerstone Research, an economic and financial consulting firm with seven offices nationwide. He holds an S.B. degree in mathematics from the Massachusetts Institute of Technology and M.A. and Ph.D. degrees in economics from the University of Chicago. For more than 30 years, Dr. Keeley has consulted and served as an expert witness on a variety of legal disputes,

including intellectual property, breach of contract, antitrust, and general business litigation.

In a variety of litigations in the intellectual property area, Dr. Keeley has addressed preliminary and permanent injunctions, reasonable royalty rates, lost profits, unjust enrichment, commercial success, and the value of technology-sharing agreements. He has served as an expert in cases alleging patent infringement, misappropriation of trade secrets, copyright infringement, trade dress infringement, trademark infringement, tax evasion, breaches of technology-sharing agreements, violations of antitrust laws, and other types of business litigation.

Dr. Keeley has also consulted on non-litigation business, economic, and public policy issues, including business consulting on pricing, auction design and implementation, patent licensing, and business strategy, and public policy consulting on competition for cellular standards (GSM and CDMA), energy policy, financial regulation, and welfare reform.

Dr. Keeley is a member of the Licensing Executives Society and the author of "Estimating Damages in Patent Infringement Cases: An Economic Perspective," published by Cornerstone Research, and "Infringement: Valuing IP for Damages," which appeared in *les Nouvelles*, a publication of the Licensing Executives Society. Dr. Keeley has been selected for inclusion in Who's Who in Economics and was awarded the Garn prize for his research on bank risk-taking.

The substance of Dr. Keeley's testimony will focus on the economic considerations involved in granting a permanent injunction and/or an order of specific performance in this case, assuming that Apple prevails on at least one of its claims, including but not limited to whether Apple would suffer irreparable harm and whether potential remedies are inadequate to compensate Apple for its injury. Dr. Keeley has analyzed Apple's and Motorola's historical and current behaviors, including their business practices and economic incentives, as well as those of other participants in relevant industries, and applied his expertise in economic theory and practice. Dr.

Keeley's opinions address whether Apple has been, and will be, irreparably harmed in certain circumstances, including if Motorola is not enjoined from filing suit against Apple in violation of Apple's rights under the Qualcomm-Motorola PLA. Dr. Keeley's trial testimony is expected to account for relevant recent developments in the factors and considerations listed above, and is more fully described in his Expert Report and deposition testimony.

Dr. Keeley's qualifications, experience, analysis, and opinions are set forth more fully in his CV and his Expert Report, any supplement or corrections thereto, and his deposition testimony, all of which are hereby incorporated by reference.

**B. Richard Donaldson**

Richard Donaldson was Senior Vice President and General Patent Counsel of Texas Instruments, Inc. ("TI") until 2000. Prior to his retirement, Mr. Donaldson had accumulated 31 years of experience as a patent attorney. He holds a B.S. degree in electrical engineering from Kansas State University, a J.D. degree from St. Louis University, and an LL.M. degree in Patents and Trade Regulation from George Washington University.

As patent counsel for TI, Mr. Donaldson had worldwide business and legal responsibility for all aspects of protecting and enforcing TI's intellectual property rights. In addition to developing and implementing patent licensing strategies for TI's patents, he had responsibility for "licensing-in" to TI patents and technology owned by others. From 1973 to 1995, he personally negotiated the vast majority of the patent licenses that TI entered into, including both "arms-length" business negotiations and settlements of litigation. Mr. Donaldson has personally negotiated hundreds of patent license agreements with dozens of semiconductor, personal computer, and calculator manufacturers throughout the world, including cross-licenses to patent portfolios as well as unilateral licenses.

Mr. Donaldson has provided expert testimony regarding licensing policies, industry licensing practices, patent portfolio evaluation, and damages in patent

infringement cases. He has written articles related to licensing practices and has been a member of the faculty for numerous continuing legal education ("CLE") programs related to licensing issues.

The substance of Mr. Donaldson's testimony will include a rebuttal to the opinions of Mr. Charles Donohoe, Motorola's expert on industry custom and practice, including but not limited to Mr. Donohoe's opinions regarding industry usage of terms and the proper legal interpretation of the Qualcomm-Motorola PLA, and to the extent that Mr. Donohoe's opinions are not already excluded as improper under Federal Rules of Evidence 403, 702, and 703, as well as an explanation of the context and motivations generally surrounding the use of [redacted] in intellectual property licensing agreements.

Mr. Donaldson's qualifications, experience, analysis, and opinions are set forth more fully in his CV and his Expert Report, any supplement or corrections thereto, and his deposition testimony, all of which are hereby incorporated by reference.

## III. DESIGNATIONS OF TESTIMONY FOR WITNESSES APPLE EXPECTS TO PRESENT BY DEPOSITION

Apple reserves the right to offer the deposition testimony of any witnesses listed above, as well as any other witness who has been deposed in this case, if such witnesses are not available to testify at trial. By agreement of the parties, Apple will supplement this section, including by providing line-by-line designations of the testimony it may present, by March 28, 2014.

## IV. EXHIBITS APPLE WILL OR MAY OFFER AT TRIAL

Subject to the following reservations, Apple hereby identifies in Attachment A the exhibits it will or may offer at trial, including the exhibits appearing on Motorola's exhibit list, which are hereby incorporated by reference. For all exhibits, Apple reserves its rights: to offer an exhibit in whole or in part, including or not including attachments; to offer substantially identical versions of exhibits; and to not offer any given exhibit. Apple also reserves all rights of supplementation provided for by agreement of the

parties, local rule, or other rule or authority, including the right to supplement its exhibit list if new parties are joined or substituted or if the interests of justice so require. Apple further reserves the right to supplement, remove exhibits from, or revise Attachment A, in consideration of the Court's rulings on the parties' currently pending motions for summary judgment, to strike evidence, and to exclude experts.

By listing an exhibit on Attachment A or incorporating a Motorola exhibit by reference, Apple does not concede that that exhibit would be admissible in all or even any circumstances, for example, if such exhibit were to be offered by Motorola. Apple expressly reserves the right to object to any exhibit as irrelevant or otherwise inadmissible, including specifically the right to object to any exhibit as inadmissible by prior agreement of the parties ([redacted]) or under a prior decision of this Court (e.g., an order concerning Apple's motion to strike evidence from the summary judgment record). [redacted]

Dated: April 9, 2014

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: /s Y. Ernest Hsin

MERYL L. YOUNG (CA SBN 110156)
myoung@gibsondunn.com
JEFFREY T. THOMAS (CA SBN 106409)
jtthomas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3967
Fax: (949) 451-4670

Y. ERNEST HSIN (CA SBN 201668)
ehsin@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5322
Fax: (650) 849-5333

*Attorneys for Apple Inc. and Apple Sales International*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2014, I caused this motion document and the declaration in support to be electronically filed with the Clerk of the Court using the ECF System of the U.S. District Court for the Southern District of California, which will send notification of such filings to all known counsel of record.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on April 9, 2014, at New York, NY.

By: *<u>/s/ Y. Ernest Hsin</u>*
Y. Ernest Hsin